Federal Defenders
OF NEW YORK, INC.

One Pierrepont Plaza-16th Floor, Brooklyn, NY 11201
Tel: (718) 330-1200 Fax: (718) 855-0760

David E. Patton
*Executive Director and*
*Attorney-in-Chief*

Deirdre D. von Dornum
*Attorney-in-Charge*

July 12, 2019

**Via Email and ECF**
Craig Heeren and Michael Keilty
Assistant United States Attorney
Eastern District Of New York
271 Cadman Plaza East
Brooklyn, NY 11201

**Re: United States v. Bernard Augustine, No. 18-393 (SJ)**

Dear AUSAs Heeren and Keilty,

Please accept this letter in lieu of a formal motion for discovery. We write to acknowledge the discovery afforded thus far, and to request additional discoverable material. Please let me know if our understanding of the material we have received thus far conflicts with the government's understanding in any way.

The Defendant acknowledges receipt of discovery contained with letters date October 4, 2018, December 10, 2018, January 14, 2019, and June 28, 2019 and labeled BA 1-364. However, BA31- BA34, and BA 313-337 are partly illegible. Please provide new copies of this discovery that allow us to more clearly determine what is written on the pages.

In reference to emails sent and received by Mr. Augustine at MDC: please exclude any email address ending in "fd.org," including allegra_glashausser@fd.org, samuel_i_jacobson, rachel_bass@fd.org, and joseph_dean@fd.org from production. These emails should be considered to be a privileged attorney client communication.

In accordance with Federal Rules of Criminal Procedure 16, 7(f), 12(c), and 12(d), and Federal Rules of Evidence, Rules 104, 403, 404, 608, and 609, we make the following additional requests on behalf of our client:

**Statements of the Defendant**

Pursuant to Federal Rules of Criminal Procedure, Rule 16(a)(1)(A) and (B):

1. All written or recorded statements made by Mr. Augustine, at any time and in any context, including statements made to the Tunisian authorities, during the Tunisian court case, and while in custody in Tunisia, or during his transport to the United States from Tunisia, regardless of the government's intentions with respect to their use at trial. This request also includes any statements made by Mr. Augustine to Customs and Border Protection or other U.S. officials at the airport in San Francisco.

2. All records, reports, memoranda, notes, or other writings which contain the substance of any oral statement made by the defendant to government or law enforcement authorities, regardless of the government's intentions with respect to the statement's use at trial, including statements made to either U.S. or Tunisian government or law enforcement authorities in Tunisian or during Mr. Augustine's transport from Tunisia to the United States. This request includes internal reports and memoranda prepared by law enforcement agents to the extent that statements of the defendant are related or described. Where a defendant's statement is contained in more than one writing, please provide each such writing. In particular, this request includes, but is not limited to, all reports and writings which contain the substance of any statements made by the defendant to any law enforcement officer. Please state the names of any and all individuals who made the written or recorded statements or who were present when the statements were made. Please also include the names of all translators who translated Mr. Augustine's statements made in Tunisian custody, court, or to Tunisian governmental or law enforcement agents.

3. The substance of all oral statements made by the defendant to government or law enforcement authorities which have not been disclosed pursuant to Requests (1) and (2) above and which the government may use at trial. This request includes not only statements which the government intends to

introduce at trial, but also statements which the government may "use" for impeachment or other purposes.

4. Please state whether any statements were obtained through the use of electronic surveillance, and if so, provide copies of any and all warrants for such surveillance, sealing orders, logs, supporting affidavits and reports of returns on the warrants connected with this case, and whether or not any arrests, seizures, or electronic surveillances were made as a result of the applications.

5. The substance of all statements and expressive conduct of the defendant in response to all *Miranda* warnings given to him, as well as all statements or questions concerning Fifth or Sixth Amendment rights. *See United States v. McElroy*, 697 F.2d 459 (2d Cir. 1982).

6. All recorded testimony of the defendant or of any person authorized to legally bind the defendant or to make admissions on the defendant's behalf before any grand jury.

7. Please indicate whether the government is in possession of any statements made by persons other than the defendant which it intends to offer under an exception to the hearsay evidentiary rules or which might possibly draw an objection to admissibility based upon such rules. Please indicate the substance of any such statements and the theory under which the government contends they are admissible.

8. Please provide further information about the presence of the United States authorities during questioning of Mr. Augustine in Tunisia, including whether the United States authorities asked any questions. Please also provide the agreement between the United States and the Tunisian authorities that permitted the United States authorities to participate in the questioning.

9. Please provide the names of all people present during any questioning of Mr. Augustine in Tunisia, including any translators or interpreters. Please also

provide all audio and video of any questioning of Mr. Augustine, as well as documentation of *Miranda* warnings.

**Information about the Tunisian legal system, interrogation conditions, prison conditions, legal system, and other documents**

10. We acknowledge recent of the discovery related to Mr. Augustine's questioning in Tunisia. We request further information about the conditions of that questioning, including general information about physical coercion or torture by Tunisian law enforcement authorities, prison officials, or government agents. This request includes any documents or reports about these conditions by the state department, DOJ, or any other reports the government has access to documenting physical coercion by Tunisian law enforcement.

11. Please provide information about the conditions of prison confinement in Tunisia, including any state department reports, DOJ reports, or any other documents or reports the government has access to.

12. Please provide further information about the court proceedings of Mr. Augustine's case in Tunisia, including a full transcript of the proceedings in that case and any discovery that was provided to counsel in that case. Please also provide all notes taken by any U.S. officials in attendance at Mr. Augustine's court proceedings in Tunisia.

13. Please provide documents and reports related to individuals crossing from Tunisia into Libya in 2016, including reports detailing the state of the Tunisian/Libyan border, the documentation necessary to make such a crossing, and any information on the number of people who were making this crossing.

14. Please provide any documentation or reports leading to ISIL-Libya, the Islamic State of Iraq and the Levant's Branch in Libya becoming a designated terrorist group.

15. Please provide any intelligence reports or documents related to Mr. Augustine.

16. Please provide any documents relating to cooperation between the Tunisian and the United States law enforcement authorities, including, but not limited to any mutual legal assistance treaty or cooperation agreement.

17. A document provided in discovery, stamped BA 311, indicates that "If the Tunisian judge decides he has served enough time under Tunisian law, he would NOT be extradited to face US Charges for the same crime." Please provide further details about what the Tunisian authorities provided to the United States authorities regarding the understanding by the Tunisian judicial system or legal authorities about whether Mr. Augustine would face similar charges in the United States.

18. Please provide all notes or recordings of any calls or conversations between Tunisian law enforcement or other Tunisian authorities and the United States Embassy in Tunisia.

**Co-Conspirators**

19. Please supply the names and addresses of all alleged co-conspirators known to the government but not charged in the indictment. *United States v. Ramirez*, 602 F.Supp. 783, 793 (S.D.N.Y. 1985); *United States v. Chovanec*, 467 F.Supp. 41, 46 (S.D.N.Y. 1979); *United States v. DeGroote*, 122 F.R.D. 131, 137 (W.D.N.Y. 1988).

20. Please provide any written, recorded, or oral statement of co-conspirators, whether or not indicted, made to a public servant engaged in law enforcement activity or to a person then acting under his or her direction or in cooperation with him, which the government intends to offer at trial.

**Criminal Record of the Defendant and Other Crimes, Wrongs or Acts**

Pursuant to Federal Rules of Criminal Procedure, Rule 16(a)(1)(D), Federal Rules of Evidence Rules 403, 404, 608 and 609, *United States v. Figueroa*, 618 F.2d 934 (2d Cir. 1980), *United States v. Mohel*, 604 F.2d 748 (2d Cir. 1979), *United States v. Lyles*, 593 F.2d 182 (2d Cir. 1979), *United States v. Manafzadeh*, 592 F.2d 81 (2d Cir. 1979), *United States v. O'Connor*, 580 F.2d 38 (2d Cir. 1978), *United States v. DeVaughn*, 579 F.2d 225 (2d Cir. 1978), *United States v. Benedetto*, 571 F.2d 1246 (2d Cir. 1978):

21. To the extent any prior criminal record was not turned over, please provide a copy of the F.B.I. report, INTERPOL, or N.Y.S.I.I.S. report of the defendant's prior criminal record;

22. Please describe in detail any evidence of uncharged conduct of the defendant which the government intends to introduce at trial pursuant to Federal Rules of Evidence, Rules 404(b), 413 or 414. In addition, please include any allegations of misconduct which the government may seek to use for impeachment or other purposes at trial.

**Documents and Tangible Objects**

Pursuant to Federal Rules of Criminal Procedure, Rule 16(a)(1)(E) and 12(c), and *Payton v. New York*, 445 U.S. 573 (1980), *Mincey v. Arizona*, 437 U.S. 385 (1978), *Manson v. Brathwaite*, 432 U.S. 98 (1977), *Chimel v. California*, 395 U.S. 752 (1969), *Simmons v. United States*, 390 U.S. 377 (1968), *United States v. Chadwick*, 532 F.2d 773 (1st Cir. 1976), *aff'd* 433 U.S. 1 (1977):

23. Copies of all books, papers, documents, photographs, drawings, film, and videotapes which are material to the preparation of the defense, or are intended for use at trial, or which were obtained from or belong to the defendant. This includes any video surveillance evidence.

24. Please provide a description of all tangible objects, buildings or places which are material to the preparation of the defense or which are intended for use at trial or which were obtained from or belong to the defendant. We request access to the original objects at an appropriate time.

25. If any evidence obtained was taken from and/or belongs to the defendant, state whether it was taken pursuant to a warrant, and if so please attach copies of all such warrants, supporting affidavits and reports of returns on all such warrants and provide the names of any officers involved, and the date, time and exact location of any such seizures.

26. If any evidence obtained was taken from or belongs to any defendant and was not taken pursuant to a warrant, please provide the names of any officers involved, the date, time, and exact location of any such evidence seized, and state how it was packaged at the time of seizure, and the exact location where each item was allegedly seized.

27. If any 911 calls were made in connection with this case, please provide a recording of those 911 calls.

**Reports of Examinations and Tests**

Pursuant to Federal Rules of Criminal Procedure, Rule 16(a)(1)(F):

28. Copies of all reports and results of all physical or mental examinations and all scientific experiments or tests which are performed in connection with this case or which are material to the preparation of the defense or intended for use at trial. If reports have not been made, provide a description of the witnesses' opinions, the bases and reasons thereof, and the witnesses' qualifications.

29. Any written report or document, or portion thereof, concerning a physical or mental examination, or scientific test or experiment, relating to the criminal action or proceeding which was made by, or at the request or direction of a public servant engaged in law enforcement activity, or which was made by a person whom the prosecutor intends to call as a witness at trial or which the prosecution intends to introduce at trial, including, but not limited to: latent fingerprint analysis, fingerprint comparison analysis, neutron activation analysis, polygraph results, toxicology reports and notes, serology reports and notes, EMS, hospital and medical records, DNA reports and notes, footprint analysis, reports and notes, hair and fiber analysis, reports and notes. In addition, state whether any attempts were made to obtain such evidence.

**Expert Testimony**

Pursuant to Federal Rules of Criminal Procedure, Rule 16(a)(1)(G):

30. Please disclose any evidence which the government may present at trial under Rules 702, 703, or 705 of the Federal Rules of Evidence by providing a written report prepared and signed by the witness that includes a complete statement of all opinions to be expressed and the basis and reasons therefor, the data or other information relied upon in forming such opinions, and the qualifications of the witness.

**Identifications**

31. Please provide a description of any identification procedure employed in this case, including lineups, show-ups, photo arrays, or the display of the defendant's person, photograph or image to any witness.

32. If any identification procedure has been employed, please provide copies of all photographs and photo arrays as well as all documents or recordings which describe or memorialize the identification procedure(s).

33. If any witness has identified the defendant as a result of any identification procedure, please identify the witness and indicate the date the identification occurred and the degree of certainty expressed by the witness. In addition, please provide in detail any description provided by the witness at any time prior to the identification procedure. *See Neil v. Biggers*, 409 U.S. 188, 199 (1972).

34. If any witness has *failed* to identify the defendant after any identification procedure, please identify the witness and indicate the date and circumstances of the identification procedure. *See Brady v. Maryland*, 373 U.S. 83 (1963); *Kyles v. Whitley*, 115 S.Ct. 1555 (1995).

**Brady Material**

35. Please provide all documents, books, papers, photographs, tests or experiments, objects, statements of witnesses, and other evidence and information which tends to exculpate the defendant, or which may be favorable

or useful to the defense as to either guilt or punishment, or which tends to affect the weight or credibility of evidence to be presented against the defendant. This request applies to evidence which is within the possession, custody or control of the government, or which is or could by the exercise of due diligence become known to the government. *Brady v. Maryland*, 373 U.S. 83 (1963).

36. In particular, please provide any statements by witnesses which fail to support the theory that the defendant intended to commit a crime. *See Brady v. Maryland*, 373 U.S. 83 (1963); *Kyles v. Whitley*, 115 S.Ct. 1555 (1995); A.B.A. Standards for Criminal Justice, Prosecution and Defense Function 3-3.11(a) (3d Ed. 1993). This request includes, but is not limited to, expert testimony that is inconsistent with the statements of any other witness.

37. If the government is aware of facts which would constitute *Brady* material but assumes that the defendant or counsel knows or should know such facts, please verify that counsel is aware of these facts.

**Giglio Material**

38. Pursuant to the Constitutional requirements of *United States v. Giglio*, 405 U.S. 150, 92 S.Ct. 763, 321 L.Ed.2d 104 (1972), please identify, by name and address: any government informant who participated in any of the acts alleged in the indictment; any government informant who was present during any of the acts alleged in the indictment; any government informant who provided information which led to the arrest of the defendant.

39. As to any such government informant please advise: whether the informant was registered or not; whether the informant has worked for the government in the past; whether the informant has a prior criminal record and if so, provide it; whether the informant was paid for his or her efforts in this case and if so, how much; whether the informant has any pending cases anywhere, and if so, whether any assistance or consideration was offered or is intended by the government to be offered on behalf of the informant with respect to any pending case the informant has; whether any government informant provided probable cause for the arrest or apprehension of the defendant or seizure of

evidence, and if so please make that person available for an *in camera* inspection by the court.

40. Please also provide copies of any "letter agreements" entered into, or any other agreement made, between the government or its agents and any prospective informant offering assistance to the informant in obtaining leniency in any court, or lack of prosecution or arrest, or any other favorable treatment or consideration for the efforts made in connection with any aspect of this case by the informant.

**Lost or Destroyed Evidence and/or Discovery Material**

41. Please provide a detailed description of any documents, objects or physical evidence relating to this case which have been destroyed, lost, or which are no longer in the custody or control of the government. If the government contemplates destroying or releasing any such items in the future, we request notice and an opportunity to object prior to any such action.

Thank you for your attention to this matter.

Sincerely,

/s/

Sam Jacobson
Allegra Glashausser
Assistant Federal Defenders
Federal Defenders of New York