**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

CRH/MTK
F#2016R00308

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

January 17, 2020

By ECF

The Honorable Robert M. Levy
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: United States v. Bernard Raymond Augustine
Docket No. 18-CR-393 (SJ) (RML)

Dear Judge Levy:

The government writes, pursuant to the Court's request, to further respond to the defendant's motion to suppress statements that he made in Tunisia to U.S. law enforcement. The defendant asserts that he was subjected to mistreatment by Tunisian authorities both before and after he made statements to members of the Federal Bureau of Investigation ("FBI"). The government does not dispute that the defendant claimed, at the time of his interview by the FBI, that he had been slapped on the back of his head once by a Tunisian official. The government disputes the remaining allegations of mistreatment.

Background

As the Court is aware, the defendant is charged with attempting to provide material support to a foreign terrorist organization after traveling to North Africa to join the Islamic State of Iraq and al-Sham ("ISIS") in Libya. On February 22, 2016, the defendant was detained by Tunisian law enforcement for attempting to travel to Libya to join ISIS. The following day, after being notified of his detention, two FBI agents conducted an un-Mirandized interview of the defendant at the Tunisian National Guard headquarters in Tunis, Tunisia. See Gov't Opp. To Mot. To Suppress at 6 (Doc. Entry No. 37) ("Gov't Opp."). The FBI agents advised the defendant of their identity and asked questions related to his well-being. Id. After indicating that he had been fed, allowed to sleep and used the bathroom, the defendant advised the agents, in sum and substance, that on one occasion he had been slapped on the back of the head by a Tunisian official after requesting a cigarette.

Id. at 6-7. After discussing his well-being, the defendant answered questions about his actions in Tunisia and admitted, in sum and substance, that he was traveling to Libya to join the Islamic State. Id.

On September 20, 2019, the defendant moved to suppress these statements. See Mot. to Suppress (Doc. Entry No. 35). The defendant argues that the statements should be suppressed because he (i) was not advised of his Miranda rights by the FBI agents, and (ii) because his statements were otherwise involuntary due to the mistreatment he allegedly received while in custody. Id. In support of this motion, the defendant submitted a sworn declaration from his psychologist. See Ex. A to Mot. to Suppress (the "Porterfield Decl."). The Porterfield Declaration alleges that, prior to being interviewed by the FBI, the defendant was forced to stand in stress positions; was subject to screams from prisoners allegedly being beaten; and was slapped in the back of his head. Id. at 6-8. The Porterfield Declaration also alleges mistreatment that occurred during the course of the defendant's detention in Tunisia that occurred after the defendant's interview with the FBI. Id. at 10-13.

The government responded that it will not seek to admit in its case-in-chief at trial the un-Mirandized statement that the defendant made to the FBI on February 23, 2016 while in Tunisian custody. See Gov't Opp at 30-32. However, the government submits that it may still use these statements for the limited purposes of impeachment and rebuttal, because the defendant's statements were voluntarily made. Id. Where a defendant's statements are voluntary, even if obtained in violation of Miranda, they are admissible for impeachment purposes. Oregon v. Hass, 420 U.S. 714, 722 (1975); Harris v. New York, 401 U.S. 422, 424 (1971).

After the defendant submitted an affidavit confirming that the allegations made in his psychologists' declaration were true, the Court directed the government to explain what factual allegations are in dispute.

Disputed Factual Allegations Regarding Voluntariness

The government does not dispute that the defendant was not advised of his rights pursuant to Miranda prior to being questioned by FBI agents on February 23, 2016. The government also does not dispute that, during the interview, the defendant claimed he was hit on the back of his head by a Tunisian official for requesting a cigarette.

The government disputes the remaining factual allegations made by the defendant. As explained above, and detailed in the FBI's report documenting the interview (see Ex. 1 to Gov't Opp.), the interviewing agents specifically inquired about the defendant's well-being, confirming that he had been fed, received water, allowed to use the bathroom and been able to sleep. The defendant's only allegation of mistreatment was that he had been slapped on the back of his head. The defendant did not allege any other misconduct during

the interview. Accordingly, the defendant's later claims that he was forced to stand for multiple hours, hearing torture, and additional physical abuse are disputed.

The defendant's allegations of alleged mistreatment after the FBI interview are also factually disputed, and also disputed as irrelevant to the voluntariness determination. U.S. State Department officials met with the defendant during the course of his detention. The reports of those meetings are devoid of any allegations by the defendant of mistreatment at the hands of Tunisian officials.[1] Additionally, the alleged mistreatment after the interview cannot be said to have coerced the statements made by the defendant before that conduct occurred. As the government has explained in its opposition brief, the totality of the circumstances surrounding the defendant's interview on February 23 indicate that the defendant's statements were voluntary and, therefore, can be used for impeachment purposes or the government's rebuttal case. See Gov't Opp. at 32-37.

Conclusion

Accordingly, the government largely disputes the factual allegations made by the defendant based on the contrary factual record presented by the contemporaneous reporting by members of the FBI and U.S. State Department. The government is prepared to conduct a hearing on this matter should the Court deem one necessary.

Respectfully submitted,

RICHARD P. DONOGHUE
United States Attorney

By: /s/ Craig R. Heeren
Craig R. Heeren
Michael T. Keilty
Assistant U.S. Attorneys
(718) 254-7000

cc: Defense Counsel
Clerk of Court (by ECF)

[1] These reports have been turned over as part of discovery in this matter.