**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

CRH/MTK
F#2016R00308

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

March 2, 2020

By Email & ECF

The Honorable Robert M. Levy
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: United States v. Bernard Raymond Augustine
Docket No. 18-CR-393 (SJ) (RML)

Dear Judge Levy:

The government writes in response to the Court's request for additional information regarding what was sought from, and provided by, Tunisian authorities pursuant to a formal request by the United States government. Specifically, the Court inquired whether the government could contact Tunisian authorities about certain documents that were referenced in the Tunisian production pursuant to the request, but not contained in said production, and (2) whether the request to Tunisia requested that Tunisian judicial authorities conduct a trial of the defendant.

With respect to the former, the government has inquired about the feasibility of contacting Tunisian authorities to determine whether their production of materials pursuant to the U.S. government's request is complete. To the extent any additional material is obtained by the U.S. government, anything that is discoverable will be turned over. The government maintains the position that, pursuant to its discovery obligations, the government is only required to produce those documents and materials which are in its possession, custody or control. The defendant has no basis or right to compel any additional process from the government to seek materials from a foreign government. See United States v. Kassar, 582 F.Supp.2d 488, 493 n.3 (S.D.N.Y. 2008) ("[D]efendants lack standing to enforce [an] MLAT treaty or to challenge international law enforcement coordination.") (citing United States v. Rommy, 506 F.3d 108, 129-30 (2d Cir. 2007)). Setting aside that the defendant's lack of standing to compel further process, the government has in fact met its discovery obligations. Indeed, the defendant has failed to identify any materials that (1)

actually exist (2) are in the possession of the U.S. government and (3) are material and/or exculpatory to the defendant. See, e.g., United States v. Rigas, 258 F. Supp. 2d 299, 307 (S.D.N.Y. 2003) ("To establish a showing of materiality, a defendant must offer more than the conclusory allegation that the requested evidence is material.") (citation and quotation marks omitted). The government is aware of its ongoing discovery obligations, and will continue to produce any materials necessary to comply with those obligations.

With respect to the latter request, the government has once again reviewed the request, and confirms that the government did not request that Tunisian authorities conduct a trial of the defendant.

Respectfully submitted,

RICHARD P. DONOGHUE
United States Attorney

By: /s/ Craig R. Heeren
Craig R. Heeren
Michael T. Keilty
Assistant U.S. Attorneys
(718) 254-7000

cc: Defense Counsel