**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

CRH
F#2016R00308

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

June 17, 2020

By ECF

The Honorable Robert M. Levy
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: United States v. Bernard Raymond Augustine
Docket No. 18-CR-393 (SJ) (RML)

Dear Judge Levy:

The government writes in response to the Court's order for a status report. (See Order, dated June 12, 2020). The government respectfully requests a telephonic or video conference on the defendant's motion to withdraw his pending motions on a date that is convenient for the court and the parties. To the extent the defendant's motion to suppress is not withdrawn, the government respectfully requests an adjournment of the suppression hearing in this case, which is currently scheduled for June 29, 2020, to a date convenient for the court after September 14, 2020 due to the COVID-19 pandemic.

With regard to the status of the case, the government advises the Court that the defendant, through defense counsel, has filed four pending motions: (i) Motion to Dismiss the Indictment (ECF No. 36); (ii) Motion for Bill of Particulars (ECF No. 32); (iii) Motion to Suppress Statements (ECF No. 35); and (iv) Motion to Compel Discovery (ECF No. 41). Those motions are fully-briefed and oral argument was held. (See ECF Nos. 37, 39, 40, 51, 59, 60). A hearing on the suppression motion was scheduled for March 30, 2020, and then adjourned twice due to the COVID-19 pandemic, and is presently scheduled for June 29, 2020 at 10:00 am.[1] (See Orders, dated March 25, 2020 & April 26, 2020). On April 27, 2020, however, the defendant filed a letter, indicating his desire to withdraw the above-referenced motions. (See ECF No.

[1] The government was also granted an initial one-week adjournment due to a scheduling conflict. See March 11, 2020 Order.

75).[2] The government does not object to a telephonic or video conference so that the Court may consider this application. Defense counsel has advised the government that they do not consent to a conference on the defendant's letter on the basis that he is represented by counsel and that the Court should reject, ignore or refer to counsel pro se letters unless an issue of appointing new counsel is raised. Defense counsel also objects to the conference being conducted by phone or video.

To the extent the defendant's motion to suppress is not withdrawn, the government respectfully requests that the pending hearing date be adjourned to a date after September 14, 2020. On June 15, 2020, Chief Judge Mauskopf issued an additional administrative order in response to the COVID-19 virus. See Administrative Order No. 2020-20. Based on the "serious, ongoing public health emergency in this District created by the COVID-19 pandemic," Judge Mauskopf issued a series of orders, including that (i) all jury trials be continued pending further order of the Court; (ii) Judges "are encouraged…to adjourn matters or deadlines where in-person meetings, interviews, depositions, or travel would be necessary to prepare for any such proceedings;" and (iii) "no in-person…evidentiary hearings may be scheduled without consultation with the Chief Judge." Id. Judge Mauskopf also ordered that time would be excluded under the Speedy Trial Act from June 15, 2020 to September 14, 2020 as a result of the ongoing public health emergency. Id. As the government noted in its prior request for an adjournment, both in-person meetings and travel for two government witnesses is necessary to prepare for the suppression hearing in this case.

Accordingly, should the defendant decide not to withdraw the motion to suppress, the government respectfully requests that the June 29, 2020 suppression hearing be adjourned to a new date that is convenient for the court after September 14, 2020, and that time be excluded to that date. See 18 U.S.C. § 3161(h)(1)(D) (delay resulting from filing of any pretrial motion), (h)(7)(A) (ends of justice served by delay). Defense counsel advises that they do not consent to any request for an adjournment longer than a few weeks.

Respectfully submitted,

RICHARD P. DONOGHUE
United States Attorney

By: /s/ Craig R. Heeren
Craig R. Heeren
Michael T. Keilty
Assistant U.S. Attorneys
(718) 254-7000

cc: Clerk of Court (by email)
Defense counsel (by email)

[2] Prior to the filing of this letter motion, on March 16, 2020, the defendant made a motion for new counsel, or to appear pro se, which was subsequently withdrawn following a hearing with the Court. (See ECF Nos. 71-73).