**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

DMP:CRH/JGH/JEA
F.#2016R00308

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

February 13, 2021

By ECF & Email

The Honorable Sterling Johnson
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: United States v. Bernard Raymond Augustine
Docket No. 18-CR-393 (SJ) (RML)

Dear Judge Johnson:

The government respectfully writes in advance of a suppression hearing and trial in the above-referenced case, to notify the Court of the possibility that questions asked at such a hearing and at trial might implicate classified information, and to advise the Court of the appropriate procedures in the event that a question posed to a witness might potentially elicit classified information.

At the suppression hearing and trial, the government intends to call one or more witnesses who have knowledge of classified information. The government does not intend to elicit any such classified information through its questioning of such witnesses. If the cross-examination of those witnesses remains within the scope of their testimony on direct examination, the government does not anticipate that such testimony would implicate classified information. However, it remains possible that certain lines of questioning outside the scope of the direct examinations could potentially implicate classified information. In that circumstance, the government would be obligated to object to avoid the improper disclosure of classified information. If the Court agrees that the testimony would not be admissible based on the question or improperly exceeds the scope of direct examination, then the Court can sustain the objection and nothing further is needed to be done. However, if the Court overrules the government's objection or requests to learn the responsive information in order to rule on the objection, the government respectfully submits that such a determination will need to be made in an in-person classified setting, pursuant to appropriate procedures designed to safeguard the classified information required by the Classified Information Procedures Act. See 18 U.S.C. App. 3, §§ 1-16 ("CIPA").

## I. Factual Background

The defendant is charged with attempting to provide material support to a foreign terrorist organization, in violation of Title 18, United States Code, Section 2339B. After consuming radical jihadist propaganda, including propaganda supporting the Islamic State of Iraq and al-Sham ("ISIS"), the defendant bought a one-way ticket to Tunisia with the goal of crossing into Libya so that he could join ISIS and ultimately die a martyr. The defendant then traveled to Tunisia to carry out his plan to join and fight for ISIS. The defendant was stopped and detained by Tunisian authorities and convicted of violating that country's laws against terrorism.

**Suppression Hearing Witnesses.** As the Court is aware, a hearing is currently pending related to the defendant's motion to suppress statements made by the defendant while in custody in Tunisia. Your Honor previously referred that motion to Magistrate Judge Levy;[1] no date has been scheduled to conduct that hearing. The issue at this hearing is whether the defendant's un-Mirandized statements to U.S. law enforcement were sufficiently voluntary such that they may be used for the limited purposes of impeachment and rebuttal. At this hearing, the government expects to call the two Federal Bureau of Investigation (FBI) agents who interviewed Augustine in Tunisia, as well as a Consular Officer from the U.S. Department of State who met with Augustine in Tunisia approximately a month later. The FBI agents are expected to testify about the conditions surrounding the defendant's interview, the defendant's overall demeanor, the tenor of the interview, and other facts relevant to the voluntariness of the defendant's statements. Similarly, the Consular Officer is expected to testify about the defendant's demeanor and behavior a month later. One or more of these witnesses may be aware of classified information.

**Trial Witnesses.** At trial itself, the government expects to call in its case-in-chief several FBI agents as witnesses. The government expects to elicit testimony from these individuals to prove, among other things, that the defendant traveled to Tunisia and was physically present in Tunisia, the defendant consumed ISIS propaganda, and that he was brought back to the Eastern District of New York after his time in Tunisian custody. Additionally, as noted above, the government has moved to admit the defendant's statements made to the FBI while in Tunisian custody solely for purposes of impeachment and rebuttal. Should the defendant's motion to suppress be denied, the government may call as part of their rebuttal case the FBI agents who interviewed the defendant in Tunisia. The agents would be expected to testify about the substance of the defendant's interview, including his admissions that he intended to travel to Libya to join and support ISIS. One or more of these witnesses may also be aware of classified information.

[1] See Mot. to Suppress and Gov't Opp. to Mot. (Docket Entry Nos. 35, 37).

II. Relevant CIPA Procedures

The procedures for handling classified information in criminal cases is governed by CIPA.[2] CIPA "is designed 'to protect[ ] and restrict[ ] the discovery of classified information in a way that does not impair the defendant's right to a fair trial.'" United States v. Abu-Jihaad, 630 F.3d 102, 140 (2d Cir. 2010) (quoting United States v. Aref, 533 F.3d 72, 78 (2d Cir. 2008)); see also In re Terrorist Bombings of U.S. Embassies in E. Africa, 552 F.3d 93, 115 (2d Cir. 2008) ("CIPA establishes rules for the management of criminal cases involving classified information."). CIPA defines "[c]lassified information" as "any information or material that has been determined by the United States Government pursuant to an Executive order, statute, or regulation, to require protection against unauthorized disclosure for reasons of national security." 18 U.S.C. App. 3, § 1(a).

Section 8(c) of CIPA establishes a procedure for addressing issues that may emerge during the taking of testimony from a witness who possesses classified information not previously found to be admissible.[3] That section states:

> During the examination of a witness in any criminal proceeding, the United States may object to any question or line of inquiry that may require the witness to disclose classified information not previously found to be admissible. Following such an objection, the court shall take such suitable action to determine whether the response is admissible as will safeguard against the compromise of any classified information. Such action may include requiring the United States to provide the court with a proffer of the witness' response to the question or line of inquiry and requiring the defendant to provide the court with a proffer of the nature of the information he seeks to elicit.

18 U.S.C. App. 3 § 8(c).

III. Analysis

As described above, the scope of the witnesses' testimony is expected to be limited. The government does not anticipate that relevant questions and responses related to this information will tread upon classified information.

---

[2] A more detailed description of the procedures required by CIPA is contained in the government's CIPA Section 2 Motion, which is attached hereto as Exhibit 1. The motion was submitted to the Court and provided to defense counsel by email on October 5, 2018, but was not formally docketed because the electronic docket was inaccessible at the time due to ongoing maintenance.

[3] In circumstances where the defendant already knows that he intends to disclose (or cause the disclosure of) classified information, he must provide timely pretrial written notice of his intention to the Court and the government pursuant to Section 5(a) of CIPA.

Nonetheless, because one or more of the witnesses has knowledge of classified information, it remains possible that responses to certain questions at either the suppression hearing or at trial would require the disclosure of such information. Should counsel for the defendant pursue such lines of inquiry, the government must object to prevent the improper disclosure of classified information in a public setting. In that circumstance, pursuant to section 8(c) of CIPA, the Court should determine whether the response would be admissible and take actions to safeguard against the compromise of classified information. The government respectfully submits that the Court can do this as follows:

If the Court can determine that the testimony would not be admissible, or would improperly exceed the scope of the direct examination, based on the questions asked, then the Court can sustain the objection, the hearing or trial can proceed, and no further discussion related to classified information is needed.

However, if the Court cannot make such a determination or if the Court determines that it must know the proposed testimony in order to render a decision on admissibility, any further discussion of the classified information should be conducted via an ex parte proffer of the classified information in an appropriate setting as administered by the Justice Management Division's Classified Information Security Officer ("CISO").

The government has advised Harry Rucker, the CISO assigned to this matter, of the potential for CIPA practice at the suppression hearing and trial. The government has also consulted with Mr. Rucker about the appropriate process by which any classified information would be shared, and is ready and willing to work with the Court and Mr. Rucker to make any necessary arrangements to set up an appropriately secure facility for this purpose. Given the safety concerns raised by the ongoing COVID pandemic, the government expects that this may include, among other things, locating a suitably sized room to host the parties to a classified discussion (which, at a minimum, likely includes the Court, the government attorneys, the CISO, and a cleared court reporter) which is determined to be an appropriately secure facility for the sharing of such information.

IV. Conclusion

For the forgoing reasons, the government respectfully requests that the Court follow the procedures described above to safeguard classified information under CIPA.

Respectfully submitted,

SETH D. DUCHARME
Acting United States Attorney

By: /s/ Craig R. Heeren
Craig R. Heeren
Josh Hafetz
Jonathon E. Algor
Assistant U.S. Attorney
(718) 254-7000

cc: Clerk of Court to Judge Johnson (by email)
Clerk of Court to Magistrate Judge Levy
Defense counsel (by email)