UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------x

18-CR-393(SJJ)

UNITED STATES OF AMERICA,

Plaintiff,

-against-

BERNARD AUGUSTINE,

Defendant.

---------------------------------x

United States Courthouse
Brooklyn, New York

March 3, 2021
12:00 p.m.

TRANSCRIPT OF CRIMINAL CAUSE FOR STATUS CONFERENCE
BEFORE THE HONORABLE STERLING JOHNSON, JR.
UNITED STATES SENIOR DISTRICT JUDGE
VIA TELECONFERENCE

APPEARANCES

For the Government: UNITED STATES ATTORNEY'S OFFICE
Eastern District of New York
271 Cadman Plaza East
Brooklyn, New York 11201
BY: CRAIG HEEREN, AUSA
JONATHAN ALGOR, AUSA
JOSHUA HAFETZ, AUSA

For the Defendant: FEDERAL DEFENDERS OF NEW YORK
One Pierrepont Plaza
Brooklyn, New York, 11201
BY: ALLEGRA W. GLASHAUSSER, ESQ.
-and-
SABRINA SHROFF, ESQ.

Court Reporter: Georgette K. Betts, RPR, FCRR, CCR
Phone: (718)804-2777
Fax: (718)804-2795
Email: Georgetteb25@gmail.com

Proceedings recorded by mechanical stenography. Transcript produced by computer-aided transcription.

THE COURTROOM DEPUTY: Calling the case, U.S. versus Augustine.

Counsel, note your appearances beginning with the government and also defendant confirm that you are still on the line.

MR. HEEREN: Good afternoon, your Honor. Craig Heeren on behalf of the United States. With me are my colleagues, Jonathan Algor and Josh Hafetz.

MS. GLASHAUSSER: Good afternoon, your Honor. This is Allegra Glashausser representing Mr. Augustine. I'm also joined by my colleague, Sabrina Shroff.

Mr. Augustine, are you still on the line?

THE DEFENDANT: Yes, I'm still here.

THE COURT: Okay. We're scheduled for trial on March 10th. I am going to inform you that the trial will not go forward because there are motions still pending, particularly a motion to suppress.

In addition, I have consulted with the epidemiologist and it would be impractical at this particular time to have a two-week trial because of the logistics and the pandemic. I am going to write something, I'll give it to all parties this afternoon or tomorrow. And I'll put this trial on for a status conference which is good for all parties.

MS. GLASHAUSSER: Your Honor -- sorry, I apologize, Judge.

THE COURT: Go ahead.

MS. GLASHAUSSER: Your Honor, this is Allegra. The defense has been ready for trial for quite some time now. This is actually our third status conference in four weeks for the purposes of setting a trial date. The suppression motion that your Honor mentioned was fully briefed about a year and four months ago, so November of 2019, it's been fully briefed until then and we've had discussions with your Honor --

THE DEFENDANT: Allegra, I want to withdraw the suppression motion. Excuse me --

MS. GLASHAUSSER: So, your Honor --

THE DEFENDANT: -- I want to withdraw all motions so I can get to trial.

THE COURT: Just a second.

MS. GLASHAUSSER: Let me speak to --

THE COURT: The defendant, he is not talking. Go ahead.

MS. GLASHAUSSER: Your Honor, so you hear from Mr. Augustine, he is experiencing extreme frustration because it seems that he is not getting a trial because he's filed the motion and that simply should not be the case when his suppression motion has been fully briefed for a year and four months, and the other motions that he's referring to, the objections to the R&R were fully briefed in October, about five months ago.

He's at the point of frustration of asking his lawyers to withdraw all of his legal motions because he wants his trial and that puts us and him in an untenable position where he's being forced to choose between his constitutional right to a speedy trial and his constitutional right not to have statements used against him that were gotten with physical coercion in Tunisia and all his other -- you know, the other motions we have and the motion to dismiss.

The suppression motion we've discussed at numerous points, that hearing can be held directly before the trial date and either by your Honor, your Honor has proposed that you do it instead of Judge Levy, or it could be held by Judge Levy at any point now. We understand that the Brooklyn courthouse to be open for hearings as of yesterday. We are ready to proceed with that at any point. And it just simply cannot be a reason for Mr. Augustine not to have a trial date. He's been waiting for three years.

So, respectfully, we are urging the Court to set a trial date for Mr. Augustine at the earliest possible date. We are ready now. Just yesterday we submitted a motion to the Court asking to switch venue to SDNY where trials are being held as of yesterday or as of Monday. The defense is ready for trial and has been ready for trial and, respectfully, urges the Court to set a trial date for Mr. Augustine.

THE COURT: Let me respond. Number one, it is not

just the motions that are pending -- and the motion to suppress is before Judge Levy -- it is also the complications brought on by the pandemic. I think it's fair to say let the government respond to these objections, go ahead, Mr. Heeren.

Hello? Hello?

THE COURTROOM DEPUTY: Hold on, Judge, it might be some issues with the line. Hold on, Judge. I'm sorry but it looks like the website, the AT&T bridge there might be an issue. Let me see if I can fix this on my end. It just bumped me off yet again. I'm sorry.

Let's see if we can get back onto the system. I'm still trying, hold on one second.

THE DEFENDANT: This is Bernard Augustine. I want to withdraw all the motions on my case and I want a trial immediately. It is unacceptable that I've been locked up for three years without a trial. I've been demanding a trial since before --

MR. HEEREN: Your Honor, this is Craig Heeren, can you hear me now?

THE COURT: Yes, I hear you.

MR. HEEREN: Sorry about that, your Honor. I think I was on mute from the court's end.

To answer your question from a moment ago, yes, we oppose the defendant's motion to stay -- or to transfer to Southern. We agree with the Court's determination that this

is a complex case and that it needs some time and logistical elements to set up, regardless of the motions. Although the motions are obviously something that needs to be decided as well. That's why the government's position is that, you know, we're ready to proceed with adequate notice of a trial date.

The August 2nd date that you previously -- the Court had previously proposed provided us enough notice to handle the logistics. So I don't know what the Court's calendar looks like in terms of what the coordination is within the courthouse, but the government's proposal would be that we schedule a trial date in August, like the August 2nd date with the anticipation that we'll be able to go and obviously if there is any issue with that with the Court, the epidemiologist or the trial committee, we can revisit it at a later date, but we have proposed at least a firm control date, respectfully.

THE COURT: Do you have any comments about another status conference?

MR. HEEREN: Your Honor, yes, we're happy to proceed to another status conference and continue to work through the varying issues in the case. I think among the ones that are relevant to proceeding to trial are deciding whether we're going to have an anonymous and partially sequestered jury and then the logistics, if the Court does agree that we should have that, the logistics of doing a jury questionnaire and

jury selection with that process. And I think we'd also want to set a briefing schedule and pretrial conference schedule for any trial motions in *limine*. And also if the Court wants to have a status conference to discuss the remainder of the court logistics such as how the jury is going to be seated, how we're going to be publishing documents, we're, of course, available for that or we can handle that with your deputy offline if the Court prefers that.

THE COURT: Ms. Allegra, do you want to respond?

MS. GLASHAUSSER: Yes, your Honor, thank you.

The defense is ready for trial at the earliest possible trial date. There is no reason to delay trial when we have been waiting for three years and it seems that the government is doing everything possible to try to delay trial. They filed these motions for the anonymous jury once they thought that trial might be scheduled in March, which we have responded already in writing as to why this -- that is totally unnecessary here and appears to be a delay tactic to make it more difficult to go to trial during the Coronavirus.

Trials are proceeding in Manhattan, very nearby, right across the river, which is why we have asked in our motion filed last night for the venue to be transferred there so the trial can proceed. SDNY has courtrooms available. I understand they have numerous courtrooms that have been retrofitted to make social distancing possible for a jury

trial.

Mr. Augustine has been at MDC for three years and he is just asking the Court to set a trial date and we have had three status --

THE COURT: Just a second, just a second. The trial date has been scheduled for August the 2nd, as I recall, and I thought there was a date open in March, March 10th. I was wrong, that's not there. But we still have the August 2nd trial date and that will be the trial date.

MS. GLASHAUSSER: Your Honor, respectfully, I know that a case in my office just had a trial date scheduled for April 27th last week. So we know that there are trial dates that are available much sooner than August and for Mr. Augustine, who has been at MDC as far as we know longer than anyone else who is asking for a trial, he should be at the front of the line, not somewhere in the middle or towards the end. We know that trials are scheduled in April and there is no reason for Mr. Augustine's trial not to proceed in April.

THE COURT: For the reasons that I stated on the record it is not scheduled earlier than the August 2nd date, you have it on the record. Is there anything else?

MR. HEEREN: Your Honor, in terms of -- this is Craig Heeren. In terms of a status conference in advance of trial, I would propose a date in May so that gives us time to

prepare and discuss logistics for the trial with the Court and the deputy and so forth.

THE COURT: Okay. Now is Harry Rucker on the line, Ana?

MR. RUCKER: Yes, your Honor, I'm on the line.

THE COURT: Okay. All righty.

May -- give me a date in May.

MS. SHROFF: Your Honor, may I please be heard. This is Sabrina Shroff for Mr. Augustine.

With all these requests, your Honor, could we ask the Court to consider Mr. Augustine's motion for a transfer of venue --

THE COURT: I can't hear you. Consider him what?

MS. SHROFF: Your Honor, Allegra and I and Sam filed a motion to transfer venue to the Southern District. This Court can try the case there. It would be just across the river. You certainly could have the biggest courtroom there to conduct the trial. We would be happy to proceed before your Honor. The only difference would be you would be sitting in Manhattan versus Brooklyn. I know the food isn't the same or the situation that great, but Mr. Augustine has been waiting three years for a trial and we are very worried that this is completely ruining his relationship with Allegra, Sam and with me. He has asked us over and over again to literally beg for a trial date ahead of August. And if there are other

trials scheduled for April and they're our defendants, we ask you please to help us.

THE COURT: You've made your objections, you made a motion to transfer the trial to the Southern District, there has been opposition by the government, I'll look at it and I will decide.

MS. SHROFF: Thank you, your Honor. We only mean to transfer to the Southern District meaning just we all physically sit in the Southern District, right. We're not looking to get a new judge because we know you're familiar with the case and we think that we would like you to be presiding over the trial. The only difference would be rather than be in Brooklyn, we would all just go to Manhattan for those two weeks. That is all we're asking. We're not asking for a change of judge, change of prosecutor, change of defense counsel or anything else.

THE COURT: I will decide. Okay.

MS. SHROFF: Even Harry Rucker can go to Manhattan. I know he can do it, Judge.

THE COURT: I will decide. Next.

MR. HEEREN: Your Honor, this is Craig Heeren. That's it from the government except that the government would respectfully request that the Court exclude time until the -- whatever the date in May.

THE COURT: I've already designated it as a complex

case, time is excluded.

MR. HEEREN: I believe we need a specific date in May, your Honor, for the status conference.

THE COURT: What day was it?

THE COURTROOM DEPUTY: Judge, I was waiting for the defense to make their argument. So we have May 5th, Wednesday available at 10:30.

MS. SHROFF: Your Honor, we're asking for an earlier date.

THE COURT: Pardon me? I didn't hear that.

MS. SHROFF: I'm sorry, your Honor. Mr. Augustine would like us to ask for an earlier date rather than May. We would like to come back to the Court in April, hopefully your Honor will have ruled on our motions by then. Could we come back in April?

THE COURTROOM DEPUTY: Let me look at the April calendar. April 14th at noon.

MR. HEEREN: This is Craig Heeren. That's fine for the government, your Honor.

THE COURT: April 14th.

MS. GLASHAUSSER: This is Allegra -- sorry.

THE COURT: Go ahead.

MS. GLASHAUSSER: I was going to say that date is fine for the defense; however, I want to object to the exclusion of time. Mr. Augustine vigorously objects to any

exclusion of time as he has been asking for a speedy trial for many, many, many months now and objects to further exclusion of time. He is ready to go to trial.

THE COURT: Your objection is noted for the record. Okay.

Anything else, Ana?

THE COURTROOM DEPUTY: No, Judge, regarding the calendar there's nothing on, we're done.

THE COURT: Okay. Thank you very much. Everybody be safe.

MR. HEEREN: Thank you, your Honor.

MS. GLASHAUSSER: Thank you, your Honor.

MS. SHROFF: Thank you, Judge.

(Matter concluded.)

* * * * *

I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

s/ Georgette K. Betts March 7, 2021

GEORGETTE K. BETTS DATE