Clerk's Office
Filed Date:

04/13/2021

U.S. DISTRICT COURT EASTERN DISTRICT OF NEW YORK BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------X
UNITED STATES OF AMERICA,

18 CR 393 (SJ) (RML)

-against-

<u>MEMORANDUM AND ORDER</u>

BERNARD RAYMOND AUGUSTINE,

Defendant.
-----------------------------------------------------X

**JOHNSON, Senior District Judge:**

Presently before the Court is Defendant Bernard Augustine's motion to transfer venue to the Southern District of New York pursuant to Rule 21(b). (Dkt. No. 136). Defendant argues that because trials have resumed in the Southern District, but not in the Eastern District, his case should be transferred there to avoid Sixth Amendment and statutory speedy trial issues. Defendant maintains that his rights would be "immediately vindicated" if his case was transferred. (*Id.*) For the reasons stated herein, the Court denies Defendant's motion.

"Upon the defendant's motion, the court may transfer the proceeding . . . to another district for the convenience of the parties, any

victim, and the witnesses, and in the interest in justice." Fed. R. Crim. P. 21(b). The burden is on the moving defendant to justify transferring venue. *See United States v. Flom*, No. 14-CR-507 RRM, 2015 WL 6506628, at *2 (E.D.N.Y. Oct. 27, 2015). In doing so, the moving defendant must overcome the "general rule" that "criminal prosecutions should be retained in the district in which they were initially filed." *Id; United States v. Motz,* 652 F. Supp. 2d 284, 291 (E.D.N.Y. 2009) ("As a general rule, a criminal prosecution should be retained in the original district in which it was filed.") (internal citations and quotations omitted). Additionally, "a defendant must show more than just inconvenience to himself . . . he must show that a trial in the district where the indictment was properly returned would be so unduly burdensome that fairness requires the transfer to another district of proper venue where a trial would be less burdensome." *Flom*, 2015 WL 6506628, at *2.

A district court has broad discretion in deciding whether to transfer a criminal action pursuant to Rule 21(b). *See United States v. Maldonado-Rivera*, 922 F.2d 934, 966 (2d Cir. 1990). It may consider a list of non-exhaustive factors enumerated by the Supreme Court in *Platt v. Minn. Mining & Mfg. Co.*, 376 U.S. 240, 243-44 (1964):

> (a) location of the defendants; (b) location of the possible witnesses; (c) location of the events likely to be at issue; (d) location of relevant documents and records; (e) potential for disruption of the defendant's businesses if transfer is denied; (f) expenses to be incurred by the parties if transfer is denied; (g) location of defense counsel; (h) relative accessibility of the place of trial; (i) docket conditions of each potential district; and (j) any other special circumstances that might bear on the desirability of transfer.

*Maldonado-Rivera*, 922 F.2d at 966 (2d Cir. 1990). "No one of these considerations is dispositive, and it remains for the court to try to strike a balance and determine which factors are of the greatest importance." *Id.* (internal quotation marks omitted) (citing *United States v. Stephenson*, 895 F.2d 867, 875 (2d Cir. 1990)).

Defendant argues that EDNY's crowded docket and the special and limited circumstances of the Brooklyn courthouse will unacceptably delay his trial. Defendant claims without explanation that he would receive an earlier trial date in SDNY. He provides no information about SDNY's trial selection process, nor does he demonstrate that SNDY is any less backlogged due to COVID-19 delays. *See United States v. Kolfage,* No. 20 CR. 412 (AT), 2020 WL 7342796, at *6 (S.D.N.Y. Dec. 14, 2020) (denying defendant's motion to transfer where defendant failed to demonstrate that he would receive an earlier trial date in the alternative venue).

Moreover, trials have resumed in EDNY and EDNY has a plan for resumption of jury trials." *See* https://img.nyed.uscourts.gov/files/pub-news/Plan%20for%20Resumption%20of%20Jury%20Trials.pdf (last visited Apr. 11, 2021). That trials at EDNY were at a "standstill" and no one knew when they would resume were Defendant's primary concern. (Dkt. No. 136). Given that SDNY resumed holding trials only a month prior, the districts are on similar footing. Here, unlike in SDNY, Defendant has priority with trial selection committee for a trial date. Thus, Defendant fails to demonstrate that the docket conditions or any special circumstances weigh in favor of transferring venue to SDNY.

Accordingly, Defendant's motion to transfer venue to the Southern District of New York is DENIED.

SO ORDERED.

Dated: April 13, 2021
Brooklyn, NY

signed Sterling Johnson, Jr., U.S.D.J.

Sterling Johnson, Jr., Senior U.S.D.J.