Clerk's Office Filed Date:

04/14/2021

U.S. DISTRICT COURT EASTERN DISTRICT OF NEW YORK BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------X
UNITED STATES OF AMERICA,

18 CR 393 (SJ) (RML)

-against-

MEMORANDUM AND ORDER

BERNARD RAYMOND AUGUSTINE,

Defendant.
-----------------------------------------------------X

**JOHNSON, Senior District Judge:**

Defendant is charged with attempting to provide material support in the form of personnel, namely himself, to the Islamic State of Iraq and al-Sham ("ISIS") pursuant to Title 18, United States Code, Section 2339B. (Dkt. No. 15).[1] According to the indictment, Defendant flew on a one-way ticket from his home in Keyes, California to Tunis, Tunisia with the intention of crossing into Libya and joining ISIS. *Id.* ¶ 1.

[1] The facts and circumstances surrounding the instant action are set forth in the complaint, indictment, and the parties' briefing. (Dkt. Nos. 1, 15, 36, 37). Familiarity therewith is assumed.

Before the Court is the government's motion for an anonymous and partially sequestered jury. (Dkt. No. 126). Based on the submissions of the parties and for the reasons stated herein, the Court GRANTS the government's motion for an anonymous jury and reserves decision on the motion for a partially sequestered jury.

## DISCUSSION

"As a general rule, a district court may order the empaneling of an anonymous jury upon '(a) concluding that there is strong reason to believe the jury needs protection, and (b) taking reasonable precautions to minimize any prejudicial effects on the defendant and to ensure that his fundamental rights are protected.'" *United States v. Stewart*, 590 F.3d 93, 124 (2d Cir. 2009) (quoting *United States v. Paccione*, 949 F.2d 1183, 1192 (2d Cir. 1991)). In reviewing a challenge to the use of an anonymous jury, a court must "balance the defendant's interest in conducting meaningful *voir dire* and in maintaining the presumption of innocence, against the jury member's interest in remaining free from real or threatened violence and the public interest in having the jury render a fair and impartial verdict." *United States v. Prado*, No. 10-cr-74 (JFB), 2011 WL 3472509, at *2 (E.D.N.Y. Aug. 5, 2011).

"[W]hen genuinely called for and when properly used, anonymous juries do not infringe a defendant's constitutional rights." *United States v.*

*Quinones*, 511 F.3d 289, 295 (2d Cir. 2007) (citation omitted). The same is true for partially sequestered juries. *See United States v. Gotti*, 459 F.3d 296, 345-46 (2d Cir. 2006) (applying the same standard to the defendant's challenge to the use of an anonymous and partially sequestered jury).

I. Need to Protect the Jury

To determine whether there is a "strong reason" to believe that the jury needs protection, the court examines several factors, including (1) the seriousness of the crime; (2) the potential of corruption to the judicial process; and (3) the anticipated media coverage. *United States v. Al Fawwaz*, 57 F. Supp. 3d 307, 309 (S.D.N.Y. 2014). Although "[i]t is unclear whether any of these factors individually justify impaneling an anonymous jury; however, there are numerous cases indicating that anonymity is appropriate when some combination of these factors is present." *United States v. Khan*, 591 F. Supp. 2d 166, 169 (E.D.N.Y. 2008).

The Court concludes that the government has sufficiently met its burden in establishing that the jury needs protection. First, the charged crime is extremely serious. Defendant is not alleged to have a mere affiliation with ISIS, which would be insufficiently serious. *See United States v. Pugh*, 150 F. Supp. 3d 218, 223 (E.D.N.Y. 2015) ("alleged affiliation with a violent terrorist organization, by itself is insufficient to warrant empaneling an anonymous");

*see also United States v. Mostafa*, 7 F. Supp. 3d 334, 337 (S.D.N.Y. 2014) ("the mere incantation of words such as 'terrorists,' [and] 'terrorism'…are insufficient to require an anonymous jury). Rather, Defendant is charged with attempting to join ISIS, a ruthless Foreign Terrorist Organization ("FTO") that has carried out numerous terrorist attacks across the world. (Dkt. No. 126 at 3). *See Pugh*, 150 F. Supp. 3d at 223 (finding defendant's crimes serious where defendant attempted to join ISIS); *United States v. Kasimov*, 15-cr-95 (WFK), EFC No. 398 (E.D.N.Y 11, 2019) (same).

Second, there is a substantial threat of corruption of the judicial process. The Second Circuit has found there is such a threat where the jury has "even a general fear of retaliation" because that fear "could well affect the jury's ability to render a fair and impartial verdict." *United States v. Thomas*, 757 F.2d 1359, 1364 (2d Cir. 1985). In the terrorism context, the Second Circuit has found a threat of corruption of the judicial process where there is a "reasonable likelihood that the pervasive issue of terrorism would raise in the jurors' minds a fear for their individual safety." That could well happen here. As the government points out, most jurors will know that ISIS and its supporters have attacked sites in the United States and remain committed to carrying out terrorist acts against the United States, its government, and its judicial system. (Dkt. No. 126 at 13). It is reasonable, therefore, for jurors to believe that the

disclosure of their identities or information about their families or workplaces might expose them to unnecessarily heightened risk and impact their ability to render a fair verdict. *See Pugh*, 150 F. Supp. 3d at 226 (finding "significant risk that jurors would fear reprisal without anonymity" where defendant failed to join or contact ISIS prior to his arrest).

Third, this case will likely generate significant media attention, which militates in favor of empaneling an anonymous jury. *See Paccione*, 949 F.2d at 1193 (finding that empaneling anonymous jury can prevent inappropriate contacts between the jury and the media that could compromise trial); *see also United States v. Barnes*, 604 F.2d 121, 141 (2d Cir. 1979) (finding that empaneling an anonymous jury reassured jurors that they would not be subject to harassment and threats). In determining the level of media interest, the court considers whether "past attention reasonably suggests that there will be significant new coverage during the trial." *United States v. Ashburn*, No. 13-CR-0303 NGG, 2014 WL 5800280, at *12 (E.D.N.Y. Nov. 7, 2014). Not, as Defendant incorrectly suggests, "whether the *pre-trial* media attention has been significant on its own." *Id.* (emphasis in the original). The facts here suggest that the trial will generate significant media interest. A number of major new sources reported on Defendant's arrest. *See Pugh*, 150 F. Supp. at 227 (finding that previous early media coverage portended a renewed media coverage at trial);

*see also United States v. Vario*, 943 F.2d 236, 240 (2d Cir. 1991) (finding that the district court had not erred in finding that trial would generate significant publicity where only one article about the case was published before trial). Moreover, Defendant's trial will likely be one of the first trials and the first terrorism trial in New York since the COVID-19 pandemic began, which will also generate media interest.

II. Reasonable Precautions

Second, once the Court determines that the jury needs protection, the Court must ensure that "reasonable precaution[s] must be taken to minimize the effect that such a decision might have on the jurors' opinions of the defendants." *Thomas*, 757 F.2d at 1365. To minimize any potential prejudicial affect upon the jurors that an anonymous empanelment may cause, the Court alone will conduct the *voir dire* and, in doing so, will provide the veniremen with neutral, plausible explanations for the security measures, such as their right to privacy and the potential for media attention.

Moreover, the parties will be tasked to agree upon and submit a proposed questionnaire designed to uncover any juror biases and to permit the Defendant to make the same informed choices during selection as would otherwise be possible. *See, e.g.*, *Barnes*, 604 F.2d at 140 ("As long as a defendant's substantial rights are protected by a *voir dire* designed to uncover bias as to the

issues in the cases and as to the defendant himself" the reasonableness factor is satisfied.); *see also United States v. Tutino*, 883 F.2d 1125, 1133 (2d Cir. 1989) (finding reasonable a court-conducted *voir dire* omitting veniremen's names, addresses, and place of employment but inquiring into type of employment of veniremen and their families, marital status, military and religious background).

## CONCLUSION

For the foregoing reasons, the Court GRANTS the government's motion for an anonymous jury and reserves decision on its motion to partially sequester the jury. Accordingly, the parties are hereby instructed to set upon the task of determining the content of the juror questionnaire and to collaborate with each other, with an eye to ensuring that the questions reveal juror bias. The parties shall file the questionnaire with the Court on or before July 6, 2021.

SO ORDERED.

signed Sterling Johnson, Jr., U.S.D.J.

Sterling Johnson, Jr, U.S.D.J.

DATED: April 14, 2021
Brooklyn, New York