

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

DMP:CRH/JGH/JEA                          *271 Cadman Plaza East*
F.#2016R00308                            *Brooklyn, New York 11201*

May 3, 2021

By ECF & Email

The Honorable Robert M. Levy
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re: United States v. Bernard Raymond Augustine
       Docket No. 18-CR-393 (SJ) (RML)

Dear Judge Levy:

    The government writes in response to the Court's order, dated April 26, 2021, and counsel for the defendant's letter, dated May 2, 2021, regarding the defendant's pro se communications with the Court.  Because the government has not had access to the letters sent by the defendant to the Court, the government's position is based on the representations made by defense counsel in their May 2 letter.

    With regard to the defendant's letters to the Court, the government does not object to the Court keeping the letters under seal if the Court makes a finding that they do not qualify as "judicial documents" under the law.  See United States v. Sours Edwards, No. 19-CR-64-GHW, 2020 WL 6151300, at *6-7 (S.D.N.Y. Oct. 20, 2020) (holding that pro se, ex parte submissions related to representation were not judicial documents requiring public filing).  The government further agrees with defense counsel that whether the letters should remain ex parte should not be addressed until the issue of the defendant's representation is resolved.  Whether under seal or not, the government respectfully requests that the letters be docketed to ensure a complete record in case of any appeal.

    Regarding the issue of representation, the government agrees with defense counsel that a hearing should be held to determine whether the defendant will continue to be represented by current counsel or if new counsel should be appointed.  The government does not object to this proceeding being conduct by Your Honor if the hearing is formally referred by Judge Johnson pursuant to Rule 59(a) of the Federal Rules of Criminal Procedure.  The government respectfully submits that the hearing should be public unless defense counsel can meet the appropriate standard to seal the courtroom and/or proceed ex parte for part of the

proceeding.  See, e.g., United States v. Alcantara, 396 F.3d 189 (2d Cir. 2005); United States v. John Doe, 63 F.3d 121, 128 (2d Cir. 1995).  The government does not dispute that any detailed discussion of attorney-client communications necessary to demonstrate a breakdown in communication between counsel and client may be a valid basis for the Court to conduct part of the proceeding ex parte.  The government is available to appear in-person for this hearing if such an appearance is ordered.

Respectfully submitted,

MARK J. LESKO
Acting United States Attorney

By:      /s/ Craig R. Heeren
Craig R. Heeren
Josh Hafetz
Jonathan E. Algor
Assistant U.S. Attorneys
(718) 254-7000

cc:    Clerk of Court (by email)
       Defense counsel (by email)

2