UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - X

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | 18-CR-393(SJ) |
| | : | U.S. Courthouse<br>Brooklyn, New York |
| -against- | : | |
| | : | TRANSCRIPT OF<br>PRETRIAL CONFERENCE |
| BERNARD AUGUSTINE, | : | July 28, 2021<br>10:30 a.m. |
| Defendant. | : | |

- - - - - - - - - - - - - - X

BEFORE:
HONORABLE STERLING JOHNSON, JR., U.S.D.J.

APPEARANCES:

For the Government: JACQUELYN M. KASULIS, ESQ.
Acting United States Attorney
271 Cadman Plaza East
Brooklyn, New York 11201
BY: CRAIG HEEREN, ESQ.
JOSHUA HAFETZ, ESQ.
JONATHAN ALGOR, ESQ.
Assistant U.S. Attorneys

For the Defendant: BERNARD AUGUSTINE, PRO SE

Standby counsel: SUSAN KELLMAN, ESQ.
GARY VILLANUEVA, ESQ.

Court Reporter: Holly Driscoll, CSR, FCRR
Chief Court Reporter
225 Cadman Plaza East
Brooklyn, New York 11201
(718) 613-2274

Proceedings recorded by mechanical stenography, transcript produced by Computer-Assisted Transcript.

(THE FOLLOWING TAKES PLACE VIA TELEPHONE:)

THE COURTROOM DEPUTY: USA versus Augustine. Counsel, note your appearances beginning with the government.

MR. HEEREN: Good morning, Your Honor, Craig Heeren on behalf of the United States. With me are my colleagues Jonathan Algor and Josh Hafetz.

MS. KELLMAN: Good morning, Your Honor, Susan Kellman for Mr. Augustine, and I believe Mr. Villanueva is also on the line. Good morning, Judge.

THE COURT: Good morning.

MR. VILLANUEVA: I am on the line. Good morning, Judge Johnson, and good morning, Judge Bloom.

THE COURT: Okay. Is the defendant on the line?

MR. HEEREN: Your Honor, this is Craig Heeren for the government, I don't believe Mr. Augustine is on the line. My colleague Josh Hafetz is currently on the phone with the BOP. My understanding of the issue is that they scheduled him for noon, although we did request him for 10:30.

It appears that we've just been advised that they can only make him available at noon, so I apologize, Your Honor, we did request him, we confirmed our request for 10:30.

THE COURT: Why can they only make him available at noon?

MR. HEEREN: They had originally -- they had

scheduled him for noon notwithstanding our request for 10:30 and, as a result, the other slots for calls were filled up by other defendants for the day for 10:30.

THE COURT: Okay. We'll do it at noon then.

MR. HEEREN: Yes, Your Honor.

THE COURT: He has to be on the phone.

MR. HEEREN: Of course. And let me extend my apologies to Judge Bloom as well since I know she's on.

THE COURT: Okay. Can you be there, Lois?

MAGISTRATE JUDGE BLOOM: Yes. This is par for the course, MDC is the tail that's wagging the dog here. They cannot get a defendant on the line to save their life even by phone. Usually they're having problems by video. This is the first time that I've heard they're having problems by phone as well.

THE COURT: Okay. We'll do --

MAGISTRATE JUDGE BLOOM: It is what it is.

THE COURT: Yeah. All right.

MAGISTRATE JUDGE BLOOM: I'll come back.

MS. KELLMAN: Your Honor, this is Susan Kellman I have another matter on at 12:30 in the Southern District in-person so, with the Court's permission, could Mr. Villanueva cover for us?

THE COURT: Yes.

MS. KELLMAN: For me, would that be okay? I'm

awfully sorry, Judge, I planned that we would do this at 10:30, silly me.

THE COURT: It's not your fault.

MS. KELLMAN: Thank you, Judge.

THE COURT: All right.

MAGISTRATE JUDGE BLOOM: I'll be back on with you at noon, Sterling.

Thank you.

THE COURT: All righty, see you at noon.

(Time noted: 10:52 a.m.)

(Proceedings recessed as above set forth.)

(Continued on next page.)

(THE FOLLOWING TAKES PLACE VIA TELEPHONE:)

(Time noted: 12:07 p.m.)

THE COURTROOM DEPUTY: We'll call USA versus Augustine.

Counsel, note your appearances beginning with the government.

MR. HEEREN: Craig Heeren on behalf of the United States. With my are my colleagues Josh Hafetz and Jonathan Algor.

Good afternoon, Judge Johnson and Judge Bloom.

MR. VILLANUEVA: Gary Villanueva as standby counsel for Mr. Augustine and good afternoon, Judge Johnson and Judge Bloom, and Mr. Augustine is also on the line.

THE COURT: Are you there, Mr. Augustine?

THE DEFENDANT: Yes, Judge, I'm right here.

THE COURT: I have conferred with the Chief Judge and because of scheduling and logistical problems the trial has been moved from August 2nd to August 16th, do you understand that?

THE DEFENDANT: Yes, Judge, okay, I understand that.

THE COURT: Okay. Number two, do you consent to the magistrate selecting the jury?

THE DEFENDANT: Yes, Judge, I consent.

THE COURT: Okay. Does the government consent?

MR. HEEREN: Yes, Your Honor.

THE COURT: Okay. Now, I have to put this on the record, Mr. Augustine. You have been allowed to proceed pro se; in other words, you're going to represent yourself. You will be technically another lawyer in the case and you will be held responsible for lawyers's conduct in the case, do you understand that?

THE DEFENDANT: Yes, Judge.

THE COURT: And you'll be held to the rules of laws and evidence, do you understand that?

THE DEFENDANT: Yes, Judge.

THE COURT: When you are conducting an examination you should refrain from speaking in the first person as though you were testifying; in other words, you can't say I did this, me, my, you have to ask your advisory counsel how you would pose a question if you're going to ask a question, do you understand that?

THE DEFENDANT: Yes, Judge, I understand.

THE COURT: You should also refrain from commenting on matters not in evidence, solely what's in your personal knowledge, do you understand that?

THE DEFENDANT: Yes, Judge, I understand.

THE COURT: Any time you stray beyond the bounds of the Court, me, either at the government's objection or

sua sponte, meaning on my own, I will caution the jury in appropriate terms, do you understand that?

THE DEFENDANT: Yes, Judge, I understand.

THE COURT: Anything that you say in your lawyer's role is not evidence against you, just like anything the prosecutor says is not evidence. Evidence which will determine whether you are guilty or not guilty will be determined by sworn testimony from people who testify in the witness box and who are sworn and it is not the questions that is evidence, it is the answers that is evidence, do you understand that?

THE DEFENDANT: Yes, Judge, I understand.

THE COURT: Okay. If you deliberately fail to obey or willfully engage in any obstructionist misconduct, your right to self-representation may be terminated, do you understand that?

THE DEFENDANT: Yes, Judge, I understand that, and I have no intention to do that or make a scene or anything of the sort.

THE COURT: Okay. August 16th. I will give copies of the questionnaire to the parties maybe a week before.

MAGISTRATE JUDGE BLOOM: Excuse me, Judge Johnson, this is Judge Bloom. I have been in touch with the Clerk's Office and they were prepared to go forward on the 2nd to get the questionnaires to the prospective panel that's been called

in on the 2nd, so they're prepared to do the jury questionnaires on August 2nd and 3rd, so that the people who will be qualified will be the only people called back to come on the morning of August 16th.

THE COURT: Because the problem, Judge Bloom, is the fact that for the people to get the questionnaire they have to come into the courthouse and there is another trial that's --

MAGISTRATE JUDGE BLOOM: Yes, the trial that's starting on the 9th is what was the problem but the jurors are already called in and they can do the questionnaires in the courtroom on the 2nd and 3rd. In fact, document 162-1 is the proposed questionnaire that has been submitted and the Jury Department is prepared to oversee the schedule that was submitted which was that the jurors are going to be called in for COVID reasons in groups with the first group to arrive at 8:30, the second group at 11:30 and the Jury Department, without the Court, can handle the ministerial task of getting the jurors to fill out the questionnaires and then the lawyers can wrangle about what the answers to the questionnaires are and who should be called back in advance of the 16th so that on the 16th when we're ready to select the jury we'll already have vetted all of the jurors's questionnaires.

THE COURT: I'm going to keep it as it is for the 16th and I'll give it to jury a week before. I'm going to

speak with the jury clerk and/or Judge Brodie because, as I understand, there are going to be 500 people in one case coming in and another 150 or 200 people coming in for this case and that's going to present problems for them.

MAGISTRATE JUDGE BLOOM: The people were coming in on the 9th, Judge Johnson. The 2nd was reserved and the Jury Department through Brenna, the Chief Deputy, said that they're prepared to be able to do the jury questionnaires in this case on the 2nd and 3rd and that way they will not overlap with the 500 people that have been called in on the 9th.

THE COURT: All right, let me speak to them.

First of all, I have to give the questionnaire to the U.S. Attorney because they have to make copies and a couple of hundred copies I guess of the questionnaire because they have to distribute it to the jurors and copies for the lawyers and you and the court reporter, things of that nature.

MR. HEEREN: Your Honor, this is Craig Heeren for the government. I would just note that we're happy to get that done in time for August 2nd, we can make that happen however it is needed, so we understand, we'll able to do that.

THE COURT: Who is that other person on the wire?

(No response.)

THE COURT: I heard somebody talking, who was that?

MR. HEEREN: Your Honor, you're talking about me, this is Craig Heeren, or is it the other person you heard?

THE COURT: It sounded like it was a woman's voice.

THE COURTROOM DEPUTY: Yes, Judge, I heard that too, there was some noise on the line, I'm not sure whose line it was, I'm trying to identify it now, but it seems to have stopped.

MR. HEEREN: In any event, Your Honor, this is Craig Heeren again. What I was saying is that the government will ensure that it will get the questionnaires to the Jury Department in time for it to be delivered on August 2nd and 3rd as Judge Bloom has proposed.

MAGISTRATE JUDGE BLOOM: Again, Judge Johnson, I'm not trying to overstep here, I just made inquiries when this was assigned to me and I do note that the Jury Department said that they were prepared to go ahead on August 2nd and 3rd with just the questionnaires for this case, that it wouldn't interfere with the 500 people that have been called in for the following week and that once the jurors were qualified, which is a separate question, once the questionnaires were gathered up and the defendant -- and that is a complicating piece here because Mr. Augustine has to be given copies of these questionnaires even if the jurors are anonymous and it is only by number, it is a logistical issue to get these questionnaires to Mr. Augustine in time for him to able to be part of the conversation about who should be called back in to then be subject to the regular jury selection on August 16th

so that you can start the trial as soon as that jury is selected.

THE COURT: Mr. Augustine, have you heard this discussion?

THE DEFENDANT: Yes, Judge, I am hearing it and I'd like to make a comment on it, if you allow.

THE COURT: Go ahead.

THE DEFENDANT: Like I said before, I'm not really interested in selecting the jury, like I'm okay with anybody who the government selects or who the Court selects, I have a universal defense that's going to apply to everyone, so I just want to get the trial as soon as possible.

MAGISTRATE JUDGE BLOOM: And Judge Johnson, I will note that a minute entry back in June, June 30th, 2021, states that: Defendant Augustine indicates he will forfeit participation in the jury questionnaire; and, again, if Mr. Villanueva and the government are going to be amenable to doing it on the 2nd and the 3rd, then by the 16th they'll know exactly who needs to be called back in for the selection.

THE COURT: Mr. Villanueva?

MR. VILLANUEVA: I'm amenable to August 2nd, Your Honor, or 16th, I will do whatever the Court requires.

THE COURT: Okay. Well, we will give the questionnaires out to the government for reproduction and we can give them out to the jury that's going to come in and fill

them out on August 2nd and 3rd, is that it?

MAGISTRATE JUDGE BLOOM: That's correct.

THE COURT: Okay. We'll go along with that.

MAGISTRATE JUDGE BLOOM: They said they're prepared for it. I had the Chief Deputy check with Jury and they're prepared for that and that will not interfere with the big case that's coming in on the 9th but then we'll know exactly who should be called back in on the 16th so that when we start on the 16th, the questionnaires will be in the past, we'll have gotten the people called back in that need to be present and I will deal with Mr. Heeren and Mr. Villanueva about voir dire and what questions should be asked because I will note that there is a substantial overlap between the questionnaire and the government's proposed voir dire, it's 161-1 and 162-2 on the docket, and I don't think that we should have the questionnaire repeated when the jurors are being questioned in the courtroom.

And then, Mr. Augustine, you will be present on August 16th for that portion of the jury selection but only the Jury Department will be there for the 2nd and the 3rd, nobody needs to be there, the Jury Department says that they run this ministerially, they give out the questionnaires, they gather the questionnaires and then the government will have to get the questionnaires to Mr. Villanueva and Ms. Kellman and Mr. Augustine. If you don't want a copy of the

questionnaires, that's clearly your prerogative, sir.

THE COURT: Give him a copy of the questionnaire anyway.

MAGISTRATE JUDGE BLOOM: Okay.

THE COURT: Is that agreeable with you, Mr. Augustine?

THE DEFENDANT: Yes, Judge, I agree with that.

THE COURT: Okay. We'll do that.

MR. HEEREN: Your Honor, this is Craig Heeren for government, I would just note that we agree with Judge Bloom, we will work with the Court to streamline the questions, and Mr. Villanueva, to make sure it is a smooth process on the 16th. I think between the questionnaire and a streamlined process on the 16th, I would just note I think it is entirely possible that we'll be able to start trial then Wednesday, the 18th, I don't want to get out in front of my skis, but I think that that's not an unreasonable expectation to set. So, I just wanted to advise the Court of that, assuming that's amenable to Your Honor, Judge Johnson.

THE COURT: Again I ask you for what do you anticipate how long the trial will be?

MR. HEEREN: I think at this point it's going to last -- it would last approximately a week now. We had initially estimated two weeks but we've managed to slim it down a little bit, so I think from Wednesday, the 18th,

through Wednesday, the 25th. So, obviously I know Your Honor had us sitting for half days three days a week, that could make it go a little bit longer.

In terms of voir dire, I do think it would be appropriate for voir dire to say about two weeks time for the jurors.

THE COURT: Okay, I got it. Let's put on another status conference just to see where we are and how things are going.

What's a good date, counsel?

MR. HEEREN: This is Craig Heeren again, Your Honor. Would it make sense to do it on August 4th to see that the questionnaires have gone out properly and there's been no problems there?

MAGISTRATE JUDGE BLOOM: May I just ask, Judge Johnson, since jury selection is being referred to me, can I deal with the government and the defense on the questionnaires and on getting the jury empaneled? As far as a status conference on whatever other matters are pending, motions in limine, all of that is for you, but I would like to have Mr. Villanueva, Ms. Kellman and the government come before me so that we can make sure that the jurors that are called back on the 16th have been properly vetted.

THE COURT: Well, you've got to remember if you're going to have them, you have to have Mr. Augustine there too.

MAGISTRATE JUDGE BLOOM: I understand, that's why we need to get the MDC on board because you know that that was the problem that we had today. So, I think if we set it for the 4th and we have Mr. Augustine brought back to court on that date, Mr. Heeren, then you can deal with me on the jury selection and Judge Johnson on any other matters all in one fell swoop; wouldn't that be in everybody's interest, so that Mr. Augustine is brought back to court for getting everything set up?

THE COURT: Mr. Heeren, can you ensure that Mr. Augustine will be in court on the 4th before Judge Bloom?

MR. HEEREN: Yes, Your Honor, we can do that and I would just note I found actually getting him into the courthouse has been the most effective way to solve a lot of these issues, so, yes, we will.

MAGISTRATE JUDGE BLOOM: What time would you like to set it on the 4th? Remember there's going to be the two sets of questionnaires on Monday and one questionnaire on Tuesday, but I think it's completely doable that everybody has reviewed those by the time we meet on Wednesday; do you want to set it at 10:00 or 10:30 on that Wednesday, the 4th, Mr. Heeren and Mr. Villanueva?

MR. VILLANUEVA: If I may, I'm concerned about Mr. Augustine having the time to go through the questionnaires so I would ask for a latter time to do that just in case we

may need the morning with Mr. Augustine downstairs to make sure they get processed.

THE DEFENDANT: This is Augustine speaking; it is okay, I like the earliest possible time, like I'm not too concerned about how this would proceed but I'm fine with however it's most comfortable for everyone else.

MAGISTRATE JUDGE BLOOM: In other words, Mr. Villanueva, I think that he has already said he does not need to participate in the jury selection, although I do understand that you'd want to speak to your client before you appear, but I do think earlier is better for purposes of getting the MDC to produce people and getting the marshals to bring the person in.

MR. VILLANUEVA: I understand, Your Honor. Can we try 11:00 on the 4th?

MAGISTRATE JUDGE BLOOM: That's fine with me, and I'm going to ask -- and so we'll have to tell you where this is going to happen because I'll ask whether or not we can use the ceremonial courtroom since there might be quite a few people in the room and we want to keep everybody at a safe distance.

So, 11:00 on the 4th and I'll expect, Mr. Heeren, that you will get Mr. Augustine to be present at that time and I'll also expect, Mr. Heeren, that you will have gotten copies of the questionnaires both to Mr. Villanueva and Ms. Kellman,

whoever they designate, as well as a set for Mr. Augustine and a set for Judge Johnson and myself so that we all have sets that if we need to review anything, we'll be able to do that on the 4th.

MR. HEEREN: Yes, Your Honor, we will do both of those things, and I would just note with regard to Mr. Villanueva's concern, obviously I defer to Your Honor if she has a different view on this, but we don't necessarily have to make our final proposals or strikes for cause on that day given that we won't have people coming back until the 16th, so if they end up needing more time, that might be something we discuss at the status conference in addition to the voir dire and everything but obviously we can discuss that more at Your Honor's pleasure.

MAGISTRATE JUDGE BLOOM: Mr. Villanueva?

MR. VILLANUEVA: That's fine, Judge, that will work. Thank you.

MAGISTRATE JUDGE BLOOM: Okay, so 11.

MR. VILLANUEVA: I'm sorry, Your Honor, I apologize.

MAGISTRATE JUDGE BLOOM: Go ahead.

MR. VILLANUEVA: The government has agreed to give both Ms. Kellman and myself our own sets of the questionnaires so that we can work independent of one another.

MAGISTRATE JUDGE BLOOM: Thank you. And, again, I'll have the government prepare a set for you, Mr. Augustine.

Whether or not you want to work through them is up to you.

But, Judge Johnson, I wasn't trying to step on your toes in any way, shape or form. Do you also want to see the parties on the 4th when Mr. Augustine is here?

THE COURT: How long would it take you to have your conference?

MAGISTRATE JUDGE BLOOM: I'll work around your schedule, whatever you tell me to do, I'll do.

THE COURT: No, I'd like to see them to find out the results of the meeting with you. Will it be an hour, two hours?

MAGISTRATE JUDGE BLOOM: I would say it would be safe if you set something at 2:00 since I'm meeting them at 11:00 and we'll work through it.

THE COURT: Okay. Mine will be a telephone conference with the parties.

MAGISTRATE JUDGE BLOOM: Okay.

MR. HEEREN: This is Craig Heeren again, we can just -- we'll make sure that Mr. Augustine is able to conduct a telephone conference as well from the courthouse which we have done before so that should not be an issue.

THE COURT: Okay.

THE COURTROOM DEPUTY: This is Ana, I'm sorry to interrupt, Judge, but do you just want to check and make sure you're actually available on August 4th in the afternoon; if

we could do this maybe on the 5th for the conference, you may not be available in the afternoon.

THE COURT: Okay. What is the 5th, what day is that?

THE COURTROOM DEPUTY: That's a Thursday.

THE COURT: We'll do it on the 5th then, Ana.

THE COURTROOM DEPUTY: And I guess we can work to have MDC produce -- maybe issue an order to produce Mr. Augustine on Thursday and then the government can check with MDC's availability and just let us know when they have an opening for proceeding.

MR. HEEREN: This is Craig Heeren again, I would respectfully propose, I don't know if this is what you're saying, Ana, but if it is conducive for Judge Bloom that we do both conferences on Thursday, I think producing him to the courthouse for the conference before Judge Bloom --

MAGISTRATE JUDGE BLOOM: I don't know that that was what Judge Johnson was proposing. Can you get a slot with MDC so that he can be produced by phone for a conference with Judge Johnson on the 5th so that we don't have any time limitation on the 4th? We can work through all the issues and by the time you meet with Judge Johnson on the 5th everything that we need to do will have already been done.

So, I don't think that Judge Johnson is proposing that I have to do the conference on the same day, just,

Mr. Heeren, can you get a slot at MDC so that they will produce Mr. Augustine by telephone on August 5th?

THE COURT: Mr. Heeren, draft up an order and I will sign it for the 5th for Mr. Augustine via telephone.

MR. HEEREN: Yes, Your Honor. May I have a time on Thursday to give to the Bureau of Prisons right after this call today?

THE COURT: What time, 9:30, 10:00?

THE COURTROOM DEPUTY: 10:30, any time between then and noon, Judge, you're available.

THE COURT: 10:00.

THE COURTROOM DEPUTY: Okay, 10:00 on August 5th, that's a Thursday.

THE COURT: Get that order to me, Mr. Heeren.

MR. HEEREN: Yes, Your Honor, we will.

THE COURT: Okay.

MAGISTRATE JUDGE BLOOM: Mr. Villanueva, I'll ask you to keep Ms. Kellman in the loop.

Mr. Heeren, if I need to sign something to make sure that Mr. Augustine is brought to the courthouse on August 4th, I'll be glad to do that. I will inform you of where we're going to meet because I'm going to ask whether or not we can meet in the ceremonial courtroom.

And, Judge Johnson, would it be possible for me to ask for the assistance of the court reporter on the 4th just

so we make the record?

THE COURT: Oh, yes, there will have to be a record, the court reporter will be there.

MAGISTRATE JUDGE BLOOM: Thank you very much, Judge Johnson.

THE COURT: Okay.

MAGISTRATE JUDGE BLOOM: Okay.

THE COURT: Anything else?

MR. HEEREN: This is Craig Heeren, nothing from the government, Your Honor.

THE DEFENDANT: This is Augustine speaking. I have a couple of issues that I'd like to address.

THE COURT: Go ahead.

THE DEFENDANT: Okay. The first one is the government sent me a list of the exhibits they're using at trial and included is some videos that I understand that the government said last time it's considered extraneous material, that I'm not allowed to have it, but these videos are pretty lengthy and they have subtitles included and it is a heavy part of my defense and I'd like to have a copy myself, like I understand that the government or my lawyers could give me a password protected version so it would be more secure, if that's possible.

THE COURT: Mr. Augustine, you're saying that the government said they want to introduce exhibits, because I

have to rule on it, they want to introduce some exhibits and you don't have a copy of it?

THE DEFENDANT: Yes, Judge.

THE COURT: Can you make arrangements for Mr. Augustine to get the exhibits that you intend to introduce, Mr. Heeren?

MR. HEEREN: Yes, Your Honor, and just to be clear, for the record, we advised Mr. Augustine in a letter, as well as Mr. Augustine's standby counsel, that we would be happy to arrange a secure setting for him to view those materials in advance of trial. We will coordinate that and do that.

THE COURT: Okay.

What else, Mr. Augustine?

THE DEFENDANT: Okay. The last issue is that I in the original complaint on my case and in the FBI 302 report it's alleged that I showed a video to my mother and that video is not given to me as discovery and I feel like that I need that video as evidence but I don't know how I would get access to that.

THE COURT: What do you say, Mr. Heeren?

MR. HEEREN: Your Honor, we can also provide a copy of that video in a secure setting for him. We do not anticipate showing that video at trial though but we will make it available for him to review.

THE DEFENDANT: Judge, I would like to introduce

that video as evidence, if possible.

THE COURT: Okay. Well, you make it available so he can introduce it as evidence in his case, Mr. Heeren.

MR. HEEREN: Yes, Your Honor, we understand and we will.

THE COURT: Okay.

Anything else, Mr. Augustine?

THE DEFENDANT: No, that's all for me, Judge. Thank you.

THE COURT: Okay. All righty.

THE COURTROOM DEPUTY: Okay. We are adjourned until August 5th before you, Judge Johnson, at ten, and to August 8 at 11 before Judge Bloom.

MAGISTRATE JUDGE BLOOM: Excuse me, Ana, did you say August 8? I'm seeing the parties on August 4.

THE COURTROOM DEPUTY: I'm sorry, I misspoke, August 4th at 11, and then August 5th before Judge Johnson.

MAGISTRATE JUDGE BLOOM: Thank you very much.

Thank you, Judge Johnson, nice working with you.

And Mr. Augustine, we'll be in touch and I will see you for the jury selection and you'll shall be brought to court on August 4th and then you'll speak with Judge Johnson on August 5th at a status conference, okay, sir.

THE DEFENDANT: Okay, Miss Magistrate, thank you.

THE COURT: Okay.

THE COURTROOM DEPUTY: The matter is adjourned. We have another case.

MR. HEEREN: Thank you, Your Honor.

THE COURT: Okay.

MR. VILLANUEVA: Thank you, Judge.

(Time noted: 12:35 p.m.)

(End of proceedings.)