Case 1:18-cr-00393 Document 15 Filed 07/30/18 Page 1 of 5 PageID #: 42

FILED IN CLERK'S OFFICE U.S. DISTRICT COURT E.D.N.Y. ★ AUG 27 2021 ★ BROOKLYN OFFICE

FILED IN CLERK'S OFFICE U.S. DISTRICT COURT E.D.N.Y. ★ JUL 30 2018 ★ BROOKLYN OFFICE

CR 18- 00393

RMT:CRH/MTK
F.# 2016R00308

JOHNSON, J.

LEVY, M.J.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

- against -

BERNARD RAYMOND AUGUSTINE,

Defendant.

- - - - - - - - - - - - - - X

INDICTMENT

Cr. No. ____________________

(T. 18, U.S.C., §§ 981(a)(1)(G), 2339B(a)(1), 2339B(d) and 3551 et seq.; T. 21, U.S.C., § 853(p); T. 28, U.S.C., § 2461(c))

THE GRAND JURY CHARGES:

ATTEMPT TO PROVIDE MATERIAL SUPPORT TO A DESIGNATED FOREIGN TERRORIST ORGANIZATION

1. In or about and between October 2015 and February 2016, both dates being approximate and inclusive, within the extraterritorial jurisdiction of the United States and elsewhere, the defendant BERNARD RAYMOND AUGUSTINE did knowingly and intentionally attempt to provide material support and resources, as defined in Title 18, United States Code, Section 2339A(b), including personnel, including AUGUSTINE himself, to a foreign terrorist organization, to wit: the Islamic State of Iraq and al-Sham, which, at all times relevant to this Indictment, had been designated by the Secretary of State as a foreign terrorist organization pursuant to Section 219 of the Immigration and Nationality Act, knowing that the organization was a designated terrorist organization and that the organization had engaged in and was engaging in terrorist activity and terrorism, the

COURT EXHIBIT #1

defendant being a national of the United States (as defined in Section 101(a)(20) of the Immigration and Nationality Act) who, after the conduct required for this offense occurred, was first brought to and found in the Eastern District of New York, and the offense having occurred in part within the United States and in and affecting interstate and foreign commerce.

(Title 18, United States Code, Sections 2339B(a)(1), 2339B(d) and 3551 et seq.)

CRIMINAL FORFEITURE ALLEGATION

2. The United States hereby gives notice to the defendant that, upon his conviction of the offense charged herein, the government will seek forfeiture in accordance with Title 18, United States Code, Section 981(a)(1)(G) and Title 28, United States Code, Section 2461(c), which require the forfeiture of all assets, foreign or domestic, (a) of any individual, entity or organization engaged in planning or perpetrating any Federal crime of terrorism (as defined in Title 18, United States Code, Section 2332b(g)(5)) against the United States, citizens or residents of the United States, or their property, and all assets, foreign or domestic, affording any person a source of influence over any such entity or organization; (b) acquired or maintained by any person with the intent and for the purpose of supporting, planning, conducting or concealing any Federal crime of terrorism (as defined in Title 18, United States Code, Section 2332b(g)(5)) against the United States, citizens or residents of the United States, or their property; (c) derived from, involved in, or used or intended to be used to commit any Federal crime of terrorism (as defined in Title 18, United States Code,

Section 2332b(g)(5)) against the United States, citizens or residents of the United States, or their property; or (d) of any individual, entity or organization engaged in planning or perpetrating any act of international terrorism (as defined in Title 18, United States Code, Section 2331) against any international organization (as defined in Title 22, United States Code, Section 4309(b)) or against any foreign Government.

3. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 18, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Section 981(a)(1)(G); Title 21, United States Code, Section 853(p); Title 28, United States Code, Section 2461(c))

A TRUE BILL

N. Martin Fetter

FOREPERSON

Richard P. Donoghue

RICHARD P. DONOGHUE
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

F. #2016R00308
FORM DBD-34
JUN. 85

No.

# UNITED STATES DISTRICT COURT

EASTERN *District of* NEW YORK

CRIMINAL DIVISION

THE UNITED STATES OF AMERICA

*vs.*

*BERNARD RAYMOND AUGUSTINE,*

Defendant.

# INDICTMENT

( T. 18, U.S.C., §§ 981(a)(1)(G), 2339(B)(a)(1), 2339B(d) and 3551 et seq.; T. 21, U.S.C., § 853(p); T. 28, U.S.C., § 2461(c))

*A true bill.*

M. Martin Fetter [signature]
*Foreperson*

*Filed in open court this* ________________ *day,*

*of* ____________ *A.D. 20* _____

______________________________________ *Clerk*

*Bail, $* ____________

______________________________________

*Craig R. Heeren/Michael T. Keilty, Assistant U.S. Attorneys (718) 254-7000*