Clerk's Office Filed Date: 8/27/2021

U.S. DISTRICT COURT EASTERN DISTRICT OF NEW YORK BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------X

UNITED STATES OF AMERICA,

v. 18 CR 393 (SJ)

BERNARD RAYMOND AUGUSTINE,

Defendant.

-----------------------------------X

**JURY CHARGE**

COURT EXHIBIT

2

**TABLE OF CONTENTS**

PART I: GENERAL RULES AND DUTY OF THE JURY .................................... 2
JUROR ATTENTIVENSS .................................... 2
ROLE OF THE COURT & JURY .................................... 3
The Government as a Party .................................... 6
Pro Se Representation .................................... 7
Punishment .................................... 8
Sympathy .................................... 9
EVIDENCE .................................... 10
Direct & Circumstantial Evidence .................................... 12
Testimony & Exhibits .................................... 13
Charts and Summaries .................................... 13
All Available Evidence Need Not Be Produced .................................... 15
Uncalled Witnesses Equally Available to Both Sides .................................... 16
Evidence Lawfully Obtained .................................... 17
WITNESS CREDIBILITY .................................... 18
Discrepancies in Testimony .................................... 20
Impeachment of a Witness .................................... 21
Law Enforcement and Government Witnesses .................................... 22
Interviewed Witnesses .................................... 23
Expert Testimony .................................... 24
False Exculpatory Statements .................................... 25
PRESUMPTION OF INNOCENCE AND BURDEN OF PROOF .................................... 27
Reasonable Doubt .................................... 29
Inference Defined .................................... 31
PART II: THE LEGAL ELEMENTS OF THE CRIMES CHARGED .................................... 33
KNOWING AND INTENTIONAL CONDUCT - GENERALLY .................................... 34
INDICTMENT .................................... 36
Dates Approximate .................................... 37
ELEMENTS OF COUNT ONE .................................... 38

Element One – Provision of Material Support or Resources ........ 38
Element Two – Foreign Terrorist Organization ........ 39
Element Three – Knowingly ........ 40
Element Four – Jurisdiction ........ 41
ATTEMPT TO COMMIT A CRIME ........ 43
VENUE ........ 45
PART III: GENERAL REMARKS REGARDING DELIBERATION ........ 46
DUTY TO CONSULT AND NEED FOR UNANIMITY ........ 46
SELECTION OF A FOREPERSON ........ 48
COMMUNICATIONS WITH THE COURT ........ 49
ELECTRONIC COMMUNICATIONS ........ 50
RIGHT TO SEE EXHIBITS & HEAR TESTIMONY ........ 51
FINAL COMMENTS ........ 52

JOHNSON, Senior District Judge:

Ladies and gentlemen of the jury, now that the evidence in this case has been presented and the attorneys for the government and the defendant have concluded their closing arguments, it is my responsibility to instruct you as to the law that governs this case. My instructions will be in three parts.

**FIRST**: I will instruct you regarding the general rules that define and govern the duties of a jury in a criminal case.

**SECOND**: I will instruct you as to the legal elements of the crimes charged in the indictment, that is, the specific elements that the government must prove beyond a reasonable doubt to warrant a finding of guilt, and

**THIRD**: I will give you some important principles that you will use during your deliberations.

When you retire for your deliberations, I will provide you with copies of these instructions.

## PART I: GENERAL RULES AND DUTY OF THE JURY

### JUROR ATTENTIVENSS

You are about to enter your final duty, which is to decide the factual issues in the case. You must pay close attention to me now. I will go as slowly as I can and be as clear as possible.

I told you at the very start of the trial that your principal function during the taking of testimony would be to listen carefully and observe each witness who testified. It has been obvious to me and to the parties that you have faithfully discharged this duty. Your interest never lagged, and it is evident that you followed the testimony with close attention. I would also like to express my gratitude to each of the attorneys and standby attorneys for their conscientious efforts on behalf of their clients and for work well done.

I ask that you now give me that same careful attention that you gave at trial as I instruct you.

**ROLE OF THE COURT & JURY**

It is your duty to accept these instructions of law and apply them to the facts as you determine them. You must take the law as I give it to you. If any party has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.

You should not be concerned about the wisdom of any rule that I state. Regardless of any opinion that you may have as to what the law ought to be, it would violate your sworn duty to base a verdict upon any view of the law other than that which I give you.

You, the members of the jury, have the important responsibility to pass upon and decide the factual issues that are in the case. You are the sole and exclusive judges of the facts. You alone pass upon the weight of the evidence; you determine the credibility of the witnesses; you resolve such conflicts as there may be in the testimony; and you draw whatever reasonable inferences you decide to draw from the facts as you have determined them.

With respect to any question concerning the facts, it is your recollection of the evidence that controls, not that of the government, defendant, and not that of the Court.

I remind you again that what the parties have said in their opening

statements, in their closing arguments, in their objections, or in their questions, is not evidence. You should bear in mind that a question put to a witness is never evidence. It is only the answer which is evidence.

But you may not consider any answer that I directed you to disregard or that I directed struck from the record. The evidence before you consists of the answers given by the witnesses—the testimony they gave, as you recall it—and the exhibits that were received in evidence.

Anything I may have said during the trial or may say during these instructions with respect to a factual matter is not to be taken in substitution for your own independent recollection. What I say is not evidence.

Since you are the sole and exclusive judges of the facts, I do not mean to indicate my opinion as to the facts or what your verdict should be. The rulings I have made during the trial are not an indication of my views of what your decision should be.

I also ask you to draw no inference from the fact that upon occasion I asked questions of certain witnesses. These questions were only intended for clarification or to expedite matters and certainly not intended to suggest any opinions on my part as to the verdict you should render or whether any of the witnesses may have been more credible than any other witness. You are expressly

to understand that the Court has no opinion as to the verdict you should render in this case.

As to the facts, ladies and gentlemen, you are the exclusive judges. You are to perform the duty of finding the facts without any bias or prejudice as to any party. In determining the issues of fact and rendering a verdict in this case, you should perform your duty with complete impartiality and without bias, sympathy, or prejudice to any party. All persons are equal before the law and are entitled to the same fair consideration. All parties expect that you will carefully and impartially consider all the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences.

**The Government as a Party**

The fact that the prosecution is brought in the name of the United States of America entitles the government to no greater consideration than that accorded to any other party to a litigation. By the same token, it is entitled to no less consideration. All parties, whether government or individuals, stand as equals at the bar of justice.

The case is important to the government, for the enforcement of criminal laws is a matter of prime concern to the community. Equally, it is important to the defendant, who is charged with a serious crime.

You are to perform the duty of finding the facts without bias or prejudice as to any party, government or defendant. You are to perform your final duty as a juror in an attitude of complete fairness and impartiality.

**Pro Se Representation**

In this case, the defendant has decided to represent himself, or proceed pro se. A defendant has a constitutional right to be represented by counsel, and the Court must appoint him counsel if the defendant cannot afford to retain counsel on his own. A defendant also has the Constitutional right to represent himself without the services of an attorney. The Court appointed counsel to advise rather than represent the defendant. The defendant's decision to represent himself has no bearing on whether he is guilty or not guilty, and it must not affect your consideration of the case.

Because the defendant has decided to act as his own lawyer, you will hear him speak at various times during the trial. He may make an opening statement and closing argument, may ask questions of witnesses, make objections, and argue to the court. I want to remind you that when the defendant speaks in these parts of the trial, he is acting as a lawyer in the case, and his words are not evidence. The only evidence you are permitted to consider in this case is from witnesses who testify under oath on the witness stand and from any exhibits that are admitted.

**Punishment**

Please note that the question of possible punishment of the defendant is of no concern to the jury and should not, in any sense, enter into or influence your deliberations. The duty of imposing a sentence rests exclusively with the Court.

Your function is to weigh the evidence in the case and to determine whether or not the defendant is guilty beyond a reasonable doubt, solely upon the basis of such evidence. Under your oath as jurors, you cannot allow a consideration of the punishment which may be imposed upon the defendant, if convicted, to influence your verdict in any way or enter into your deliberations.

**Sympathy**

Under your oath as jurors you are not to be swayed by sympathy. You are to be guided solely by the evidence or lack of evidence in this case, and the crucial, hard-core question that you must ask yourselves as you sift through the evidence is: Has the government proven the guilt of the defendant beyond a reasonable doubt?

It is for you alone to decide whether the government has proven that the defendant is guilty of the crime charged solely on the basis of the evidence and subject to the law as I charge you. It must be clear to you that once you let fear or prejudice, or bias or sympathy interfere with your thinking there is a risk that you will not arrive at a true and just verdict.

If you have a reasonable doubt as to the guilt of the defendant you are considering, you should not hesitate for any reason to find a verdict of acquittal. But on the other hand, if you should find that the government has met its burden of proving the guilt of the defendant beyond a reasonable doubt, you should not hesitate because of sympathy or any other reason to render a verdict of guilty.

**EVIDENCE**

The evidence upon which you are to decide what the facts are comes in several forms: First, the sworn testimony of witnesses, both on direct and cross-examination, regardless of who called the witness. Second, exhibits that have been received by the court in evidence. Third, the parties have stipulated to certain facts in this case.

**What Is Not Evidence**

Certain things are not evidence and are to be disregarded by you in deciding what the facts are:

A. The Indictment is not evidence against a defendant. It merely describes the charges made against that defendant. It is an accusation. It may not be considered by you as any evidence of the guilt of that defendant.

B. As I have said before, arguments or statements of lawyers are not evidence.

C. Questions alone put to the witnesses are not evidence.

D. Objections to the questions or to offered exhibits are not evidence.

E. Anything said or done by the Court is not evidence.

F. Anything you may have seen or heard outside the courtroom is not evidence.

If evidence was received for a limited purpose, you must consider it for that purpose only. Your verdict must be based solely upon the evidence developed at

trial or the lack of evidence.

In reaching your determination of whether the government has proven the guilt of the defendant beyond a reasonable doubt, you may consider only the evidence introduced or the lack of evidence.

**Direct & Circumstantial Evidence**

There are two types of evidence which you may properly use in deciding whether the Defendant is guilty or not.

One type of evidence is called direct evidence. Direct evidence is where a witness testifies to what he saw, heard, or observed. In other words, when a witness testifies about what is known to him of his own knowledge by virtue of his own senses – what he sees, feels, touches or hears – that is called direct evidence. Circumstantial evidence is evidence which tends to prove a disputed fact by proof of other facts.

There is a simple example of circumstantial evidence which is often used in this courthouse. Assume that when you came into the courthouse this morning the sun was shining and it was a nice day. Assume that the courtroom was without windows as this courtroom is and you could not look outside. As you were sitting here, someone walked in with an umbrella which was dripping wet. Somebody else then walked in with a raincoat which also was dripping wet. Now, you cannot look outside of the courtroom and you cannot see whether or not it is raining. So you have no direct evidence of that fact. But, on the combination of facts which I have asked you to assume, it would be reasonable and logical for you to conclude that it had been raining.

That is all there is to circumstantial evidence. You infer on the basis of reason and experience and common sense from an established fact the existence or the nonexistence of some other fact.

**Testimony & Exhibits**

The evidence in this case consists of the sworn testimony of the witnesses and the exhibits received in evidence.

Turning to the subject of exhibits, exhibits that have been marked for identification but have not been received in evidence, however, may not be considered by you as evidence.

You should consider the evidence in light of your own common sense and experience, and you may draw reasonable inferences from the evidence.

Anything you may have seen or heard about this case outside the courtroom is not evidence and must be entirely disregarded.

**Charts and Summaries**

The government has presented exhibits in the form of charts and summaries. I decided to admit these charts and summaries in place of the underlying documents that they represent in order to save time and avoid unnecessary inconvenience. You should consider these charts and summaries as you would any other evidence.

The charts and summaries were shown to you in order to make the other evidence more meaningful and to aid you in considering the evidence. They are no better than the testimony or the documents upon which they are based. Therefore, you are to give no greater consideration to these charts or summaries than you would give to the evidence upon which they are based.

It is for you to decide whether the charts or summaries correctly present the information contained in the testimony and in the exhibits on which they were based. You are entitled to consider charts and summaries if you find that they are of assistance to you in analyzing the evidence, understanding the evidence and are based on the evidence.

**All Available Evidence Need Not Be Produced**

The law does not require the government to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters in issue at this trial. Nor does the law require the government to produce as exhibits all papers and other items mentioned during the course of the trial.

Your concern is to determine, based upon all the evidence and lack of evidence in the case, whether or not the government has proven that the defendant is guilty beyond a reasonable doubt.

**Uncalled Witnesses Equally Available to Both Sides**

Both the government and the defense have the same power to subpoena witnesses to testify on their behalf. If a potential witness could have been called by the government or by the defendant and neither called the witness, then you may draw the conclusion that the testimony of the absent witness might have been unfavorable to the government or to the defendant or to both. On the other hand, it is equally within your province to draw no inference at all from the failure of either side to call a witness.

You should remember that there is no duty on either side to call a witness whose testimony would be merely cumulative of testimony already in evidence, or who would merely provide additional testimony to facts already in evidence.

You should also remember my instruction that the law does not impose on a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence. That is because the burden of proof at all times remains with the government.

**Evidence Lawfully Obtained**

During the trial in this case, you have heard evidence about a variety of investigative techniques and methods of collecting evidence. I instruct you that any evidence that was presented to you was obtained legally and you can consider it. The methods used to collect evidence or investigate should not enter into your deliberations in any respect.

**WITNESS CREDIBILITY**

You have had an opportunity to observe the witnesses who have testified in this case. It is now your job to decide how believable each witness was in his or her testimony. As jurors, you are the sole judges of the credibility of each witness and of the importance of his or her testimony.

It must be clear to you by now that you are being called upon to resolve various factual issues in the face of the different pictures painted by the attorneys which cannot be reconciled. You will now have to decide where the truth lies, and an important part of that decision will involve making judgments about the testimony of the witnesses you have listened to and observed.

Your decision whether or not to believe a witness may depend on how the witness impressed you. Was the witness candid, frank and forthright? Or, did the witness seem as if he or she was hiding something, being evasive or suspect in some way? How did the way the witness testified on direct examination compare with how the witness testified on cross-examination? Was the witness consistent in his testimony or did he or she contradict himself? Did the witness appear to know what he or she was talking about and did the witness strike you as someone who was trying to report his or her knowledge accurately?

How much you choose to believe a witness may be influenced by the

witness' bias. Does the witness have a relationship with the government or the defendant which may affect how he or she testified? Does the witness have some incentive, loyalty, or motive that might cause him or her to shade the truth; or, does the witness have some bias, prejudice, or hostility that may have caused the witness, consciously or not, to give you something other than a completely accurate account of the facts he or she testified to?

Even if you think a particular witness was impartial, you should consider whether the witness had an opportunity to observe the facts he or she testified about and should also consider the witness' ability to express himself or herself. Ask yourselves whether the witness' recollection of the facts stand up in light of all other evidence.

In other words, what you must try to do in deciding credibility is to size a person up in light of his or her demeanor, the explanations given, and in light of all the other evidence in the case, just as you would in any important matter where you are trying to decide if a person is truthful, straightforward, and accurate in his or her recollection. In deciding the question of credibility, remember that you should use your common sense, your good judgment, and your experience.

**Discrepancies in Testimony**

You have heard from numerous witnesses in this trial, and in considering their testimony, you may find that there are discrepancies in the testimony. Evidence of discrepancies may be a basis to disbelieve a witness' testimony. On the other hand, discrepancies in a witness' testimony or between his testimony and that of others do not necessarily mean that the witness' entire testimony should be discredited.

People sometimes forget things and even a truthful witness may be nervous and contradict himself or herself. Two people witnessing an event may see or hear it differently. Whether a discrepancy pertains to a fact of importance or only to a trivial detail should be considered in weighing its significance. A willful falsehood is always a matter of importance and should be considered seriously. It is for you to decide, based on your total impression of the witness, how to weigh any discrepancies in his or her testimony. You should, as always, use common sense and your own good judgment.

**Impeachment of a Witness**

A witness may be discredited or impeached by contradictory evidence, or by evidence that at some other time the witness has said or done something or has failed to say or do something which is inconsistent with the witness' present testimony. If you believe any witness has been impeached and thus discredited, it is your exclusive province to give the testimony of that witness such credibility, if any, as you may think it deserves.

If a witness is shown knowingly or willfully to have testified falsely concerning any material matter, or to have previously committed perjury, you have a right to distrust such witness testimony in other particulars and give it such credibility as you think it deserves.

**Law Enforcement and Government Witnesses**

During this trial you have heard the testimony of law enforcement and government officials. Because a witness is a government employee or law enforcement officer does not mean that his or her testimony is entitled to any greater weight. By the same token, his or her testimony is not entitled to less consideration because he or she is a government employee or law enforcement officer.

You should consider the testimony of law enforcement officials as you would any other evidence in the case and evaluate their credibility in the same manner as you would that of any other witness.

**Interviewed Witnesses**

There was testimony at trial that the attorneys for the government interviewed witnesses when preparing for the trial. You should not draw any unfavorable inference from that testimony. To the contrary, the attorneys were obliged to prepare this case as thoroughly as possible and might have been derelict in the performance of their duties if they failed to interview witnesses before this trial began and as necessary throughout the course of the trial.

**Expert Testimony**

You have heard the testimony of what we call an expert witness in this case. Ordinarily, witnesses are restricted to testifying about matters of fact. There are occasions, however, when there is some technical or other specialized area of knowledge that will assist the jury in deciding a disputed fact. On those occasions, a witness who is specially qualified by training, knowledge, experience, or education may be called to testify about some evidence or facts in issue in the form of an opinion.

In weighing expert testimony, you may consider the expert's qualifications, the opinion given, the witness's reasons for testifying, as well as all the other considerations that ordinarily apply when you are deciding whether or not to believe a witness. You may give expert testimony whatever weight, if any, you find it deserves in light of all the other evidence before you. You should not, however, accept a witness's testimony merely because he or she is an expert in a field. Nor should you substitute it for your own reason, judgment and common sense. The determination of the facts in this case rests solely with you.

**Pro Se Representation and Testimony of the Defendant**

The defendant in a criminal case never has any duty to testify or come forward with any evidence. This is because, as I have told you, the burden of proof beyond a reasonable doubt remains on the government at all times, and the defendant is presumed innocent. In this case, the defendant did testify and he was subject to cross examination like any other witness. You should examine and evaluate the testimony just as you would the testimony of any other witness.

The defendant chose to represent himself in this case, and you heard him speak in his role as a "lawyer" for himself. Anything the defendant said in his 'lawyer' role is not evidence, and his remarks are to be regarded no differently than those of the attorneys in the case. Only the statements that the defendant made under oath as a witness may be considered by you as evidence in this case.

**False Exculpatory Statements**

You have heard testimony that the defendant made certain statements in which the defendant claimed that his conduct was consistent with innocence and not with guilt. The government claims that these statements in which he exonerated or exculpated himself are false.

If you find that the defendant gave a false statement in order to divert suspicion from himself, you may, but are not required to infer that the defendant

believed that he was guilty. You may not, however, infer on the basis of this alone, that the defendant is, in fact, guilty of the crime for which he is charged.

Whether or not the evidence as to a defendant's statements shows that the defendant believed that he was guilty, and the significance, if any, to be attached to any such evidence, are matters for you, the jury, to decide.

## PRESUMPTION OF INNOCENCE AND BURDEN OF PROOF

We now turn to the burden of proof of which you must adjudge the defendant. Although the defendant has been indicted, you must remember that an indictment is only an accusation in writing. It is not evidence of guilt. It is entitled to no weight in your determination of the facts.

The defendant has pled not guilty to the indictment, and as a result, the burden is on the prosecution to prove guilt beyond a reasonable doubt. This burden never shifts to a defendant for the simple reason that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witness or producing any evidence.

The law presumes a defendant to be innocent of all charges against him. I therefore instruct you that the defendant is to be presumed by you to be innocent throughout your deliberations until such time, if ever, you as a jury, are satisfied that the government has proven him guilty beyond a reasonable doubt.

The defendant begins the trial here with a clean slate. This presumption of innocence alone is sufficient to acquit the defendant unless you as jurors are unanimously convinced beyond a reasonable doubt of his guilt, after a careful and impartial consideration of all of the evidence or lack of evidence in this case. If the government fails to sustain its burden, you must find the defendant not guilty.

This presumption was with the defendant when the trial began, and remains with the defendant even now as I speak to you, and will continue with the defendant into your deliberations, unless or until you are convinced that the government has proven his guilt beyond a reasonable doubt.

**Reasonable Doubt**

I have said that the government must prove the defendant guilty beyond a reasonable doubt. The question naturally is, What is a reasonable doubt? The words almost define themselves. It is a doubt based upon reason and common sense. It is a doubt that a reasonable person has after carefully weighing all of the evidence. It is a doubt which would cause a reasonable person to hesitate to act in a matter of importance in his or her personal life.

Proof beyond a reasonable doubt must, therefore, be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it in the most important of his or her own affairs. A reasonable doubt is not a caprice or whim; it is not a speculation or suspicion. It is not an excuse to avoid the performance of an unpleasant duty. And it is not sympathy.

In a criminal case, the burden is at all times upon the government to prove guilt beyond a reasonable doubt. The law does not require that the government prove guilt beyond all possible doubt; proof beyond a reasonable doubt is sufficient to convict. This burden never shifts to the defendant, which means that it is always the government's burden to prove each of the elements of the crimes charged beyond a reasonable doubt.

If, after fair and impartial consideration of all of the evidence you have a

reasonable doubt, it is your duty to acquit the defendant under consideration. On the other hand, if after fair and impartial consideration of all the evidence you are satisfied of the defendant's guilt beyond a reasonable doubt, you should vote to convict.

**Inference Defined**

During the trial you have heard the government and the defense use the term inference in their arguments they have asked you to infer, on the basis of your reason, experience and common sense, from one or more established facts, the existence of some other fact.

An inference is not a suspicion or a guess. It is a reasoned, logical decision to conclude that a disputed fact exists on the basis of another fact which you know exists. There are times when different inferences may be drawn from facts, whether proved by direct or circumstantial evidence. The government asks you to draw one set of inferences, while the defense asks you to draw another. It is for you, and you alone, to decide what inferences you will draw.

The process of drawing inferences from facts in evidence is not a matter of guesswork or speculation. An inference is a deduction or conclusion which you, the jury, are permitted to draw, but not required to draw, from the facts which have been established by either direct or circumstantial evidence. In drawing inferences, you should exercise your common sense.

So, while you are considering the evidence presented to you, you are permitted to draw, from the facts which you find to be proven, such reasonable inferences as would be justified in light of your experience.

Here again, let me remind you that, whether based upon direct or circumstantial evidence or upon the logical, reasonable inferences drawn from such evidence, you must be satisfied of the guilt of the defendant beyond a reasonable doubt before you may convict.

## PART II: THE LEGAL ELEMENTS OF THE CRIMES CHARGED

I will now turn to the second part of my instructions. In this part, I will instruct you as to the legal elements of the crime charged in the indictment. That is to say, I will now instruct you as to the specific elements of the crime charged that the government must prove beyond a reasonable doubt to warrant a finding of guilt in this case. I will first instruct you on certain legal principles you will be called upon to apply when considering the elements of the crime charged in this case. Following those instructions, I will then explain the elements of the substantive crime charged in the Indictment.

## KNOWING AND INTENTIONAL CONDUCT - GENERALLY

Because certain legal requirements pertain to more than one charge in the indictment, I think it might be useful for me to state certain of these requirements in some detail at the outset and not to have to repeat them with respect to each of the charged Counts.

As a general rule, the law holds individuals accountable only for conduct in which they intentionally engage. Thus, before you can find the defendant guilty of the crime charged, you must be satisfied that he was acting knowingly or intentionally.

A person acts knowingly if he or she acts voluntarily and intentionally, not because of ignorance, mistake, or accident. A person acts intentionally when he acts deliberately and purposefully. That is, the defendant's acts must have been the product of his conscious objective rather than the product of a mistake or accident.

In this regard, I instruct you that you may infer that a person ordinarily intends all natural and probable consequences of an act knowingly done. In other words, you may infer and find that a defendant intended all of the consequences that a person, standing in like circumstances and possessing like knowledge, should have expected to result from the acts he or she knowingly committed.

These issues of knowledge and intent require you to make a determination

about a defendant's state of mind, something that rarely can be proved directly. A wise and careful consideration of all the circumstances before you, however, may permit you to make a determination as to a defendant's state of mind.

**INDICTMENT**

The defendant, Bernard Raymond Augustine, is charged with violating criminal federal law in the indictment I read to you when you were selected as jurors in this case. You will have the indictment in the jury room with you. I remind you again that the indictment is not evidence. It merely describes the charge against the defendant. It is an accusation. Your verdict must be based on the evidence introduced at trial, or the lack of evidence.

The defendant is formally charged in an indictment. The indictment charges the defendant with attempting to provide material support to a foreign terrorist organization, specifically, the Islamic State of Iraq and al-Sham or "ISIS." Specifically, the Charge in the Indictment reads as follows:

> In or about and between October 2015 and February 2016, both dates being approximate and inclusive, within the extraterritorial jurisdiction of the United States and elsewhere, the defendant BERNARD RAYMOND AUGUSTINE did knowingly and intentionally attempt to provide material support and resources . . . , including personnel, including AUGUSTINE himself, to a foreign terrorist organization, to wit: the Islamic State of Iraq and al-Sham, which, at all times relevant to this Indictment, had been designated by the Secretary of State as a foreign terrorist organization pursuant to Section 219 of the Immigration and Nationality Act, knowing that the organization was a designated terrorist organization and that the organization had engaged in and was engaging in terrorist activity and terrorism, the defendant being a national of the United States . . . who, after the conduct required for this offense occurred, was first brought to and found in the Eastern District of New York, and the offense having occurred in part within the United States and in and affecting interstate and foreign

commerce.

The statute relevant to the charge is Section 2339B(a)(1) of Title 18, United States Code, which reads in relevant part:

Whoever knowingly provides material support or resources to a foreign terrorist organization, or attempts or conspires to do so [is guilty of a crime].

**Dates Approximate**

The indictment charges "in or about" and "between certain dates. The proof need not establish with certainty the exact date of the alleged offenses. It is sufficient if the evidence establishes beyond a reasonable doubt that an offense was committed on a date reasonably near the date alleged.

**ELEMENTS OF COUNT ONE**

I will now read the elements of providing material support to a designated foreign terrorist organization. To prove a violation of Section 2339B(a)(1), the government must establish each of the following elements beyond a reasonable doubt:

First, that the defendant attempted provided material support or resources;

Second, that the defendant attempted to provide this support or resources to a foreign terrorist organization;

Third, that the defendant did so knowingly; and

Fourth, that there is federal jurisdiction over the offense. There is federal jurisdiction over the offense where (1) the defendant is a national of the United States; (2) after the conduct required for the offense occurred the defendant was brought into or found in the United States, even if the conduct required for the offense occurred outside the United States; (3) the offense occurred in whole or in part within the United States; (4) the offense occurs in or affects interstate commerce.

**Element One – Provision of Material Support or Resources**

The first element of providing material support to a foreign terrorist organization is that the defendant attempted to provide material support or resources. "Material

support or resources" can take the form of personnel. The term "personnel" means one or more persons, which can include the defendant himself. The law does not criminalize mere membership in a designated foreign terrorist organization. In order to be convicted for attempting to provide "personnel," you must find that the defendant knowingly attempted to provide one or more individuals, which may include himself, to work under ISIS's direction or control. However, the defendant cannot be convicted of attempting to provide "personnel" if he attempted to work entirely independent of ISIS to advance its goals and objectives.

**Element Two – Foreign Terrorist Organization**

The second element of providing material support to a foreign terrorist organization is that the defendant attempted to provide these resources to a "foreign terrorist organization," namely, the Islamic State of Iraq and al-Sham, also known as "ISIS." I instruct you as a matter of law that ISIS has been designated a "foreign terrorist organization" by the United States Secretary of State, and was so designated under a previous name, "al Qaeda in Iraq" by the Secretary of State on October 15, 2004. That designation was amended on May 15, 2014 to include the alias Islamic State of Iraq and the Levant (ISIL) as the primary name of the terrorist organization, and added other aliases, including the Islamic State of Iraq and al-Sham (ISIS) and the Islamic State of Iraq and Syria (ISIS). Consequently, if

you find beyond a reasonable doubt that the defendant attempted to provide "material support or resources," as I have just defined the term, to ISIS during the period charged in the Indictment, the government's burden with respect to the element of "foreign terrorist organization" has been met.

**Element Three – Knowingly**

The third element of providing material support to a foreign terrorist organization is that the defendant did so knowingly and intentionally. I previously explained to you the definitions of "knowingly" and "intentionally." For this element to be satisfied, the government must prove that the defendant knew one of the following three things: (1) that ISIS had been designated by the Secretary of State as a "foreign terrorist organization"; (2) that ISIS engaged in "terrorist activity"; or (3) that ISIS engaged in "terrorism."

For these purposes, the term "terrorist activity" includes any of the following actions:

1. Hijacking or sabotage of an aircraft, vessel, vehicle, train, or other conveyance;
2. Seizing, detaining, or threatening to kill, injure or further detain another person to compel or coerce some third party, including a government, to do or abstain from doing some act;

3. A violent attack upon an internationally protected person, including employees and officials of governments or international organizations;
4. Assassination;
5. Use of any chemical, biological, or nuclear weapons or device, with intent to endanger, directly or indirectly, the safety of one or more individuals or to cause substantial damage to property;
6. Use of any explosive, firearm, or other weapon or dangerous device, other than for monetary gain and with intent to endanger, directly or indirectly, the safety of one or more individuals or to cause substantial damage to property; or
7. A threat, attempt, or conspiracy to do any of the foregoing.

For these purposes, the term "terrorism" means premeditated, politically motivated violence perpetrated against noncombatant targets by sub-national groups or clandestine agents.

**Element Four – Jurisdiction**

The fourth element of providing material support to a foreign terrorist organization is that there was federal jurisdiction over the offense.

There is federal jurisdiction over the offense if (1) the defendant is a national of the United States; (2) after the conduct required for the offense occurred, the defendant was brought into or found in the United States, even if the conduct required for the offense occurred outside the United States; (3) the offense occurs in whole or in part within the United States; (4) the offense occurs in or affects interstate or foreign commerce.

With respect to the second option, it does not matter if the defendant was brought to the United States by law enforcement personnel; it is sufficient to satisfy this element so long as you find that he was brought into the United States after the conduct required for the offense occurred. With respect to the third option, the government need prove only that there was a minimal effect on interstate or foreign commerce. Any effect, even an indirect or slight one, is sufficient, and that effect may be harmful or beneficial to interstate or foreign commerce.

**ATTEMPT TO COMMIT A CRIME**

The government is required to prove that the defendant attempted to provide material support to a foreign terrorist organization, not that he actually did so. In order to prove the charge of Attempted Provision of Material Support to a Foreign Terrorist Organization, the government must prove the following two elements beyond a reasonable doubt:

First, that the defendant intended to commit the crime of Providing Material Support to a Foreign Terrorist Organization; and

Second, that the defendant did some act that was a substantial step in an effort to bring about or accomplish the crime. Mere intention to commit a specific crime does not amount to an attempt. In order to convict the defendant of an attempt, you must find beyond a reasonable doubt that the defendant intended to commit the crime charged, and that he took some action which was a substantial step toward the commission of that crime.

In determining whether the defendant's actions amounted to a substantial step toward the commission of the crime, it is necessary to distinguish between mere preparation on the one hand, and the actual doing of the criminal deed on the other. Mere preparation, which may consist of planning the offense, or of devising, obtaining or arranging a means for its commission, is not an attempt, although

some preparations may amount to an attempt. The acts of a person who intends to commit a crime will constitute an attempt when the acts themselves clearly indicate an intent to commit the crime, and the acts are a substantial step in a course of conduct planned to culminate in the commission of the crime. A defendant may be convicted of attempt even where significant steps necessary to carry out the substantive crime are not completed.

**VENUE**

As you have heard throughout the trial, some of the acts alleged to have taken place occurred outside the United States. Nevertheless, American law provides that the defendant may be prosecuted here in the Eastern District of New York if you find, by a preponderance of the evidence, that the defendant was first brought into the United States in connection with these charges within the Eastern District of New York. It does not matter if the defendant was brought to the United States in the custody of law enforcement officers.

To prove something by a preponderance of the evidence means to prove that it is more likely true than not true. It is determined by considering all of the evidence and deciding which evidence is more convincing. If the evidence appears to be equally balanced, or if you cannot say upon which side it weighs heavier, you must resolve this question against the Government. Proof by preponderance of the evidence is a lower standard than proof beyond a reasonable doubt. This is the only time in this case that you may use the preponderance of the evidence standard to find that a legal element has been established.

## PART III: GENERAL REMARKS REGARDING DELIBERATION

## DUTY TO CONSULT AND NEED FOR UNANIMITY

Now that I have outlined for you the rules of law applicable to the charges in this case and the processes by which you should weigh the evidence and determine the facts, I will give you some guidance for use in your deliberations.

You are about to go into the jury room and begin your deliberations. Your function, to reach a fair conclusion from the law and the evidence, is an important one. Your verdict must be unanimous. That is, all of you must ultimately reach the same conclusion.

But keep in mind that each juror is entitled to his or her opinion; each should, however, exchange views with his or her fellow jurors. That is the very purpose of jury deliberation, to discuss and consider the evidence; to listen to the arguments of fellow jurors; to present your individual views; to consult with one another; and to reach an agreement based solely and wholly on the evidence.

Each of you must decide the case for yourself after consideration with your fellow jurors of the evidence in the case. You should not hesitate to change an opinion which, after discussion with your fellow jurors, appears erroneous. If, however, after carefully considering all the evidence and the arguments of your fellow jurors, you entertain a view that differs from the others, you are not to yield

your decision simply because you are outnumbered. Each of you must decide the case for yourself and not merely acquiesce in the conclusion of your fellow jurors. Nevertheless, I do ask you to examine the issues and the evidence before you with proper deference to and regard for the opinions of one another.

## SELECTION OF A FOREPERSON

When you get into the jury room, before you begin your deliberations, you should select someone to be the foreperson. The foreperson will be responsible for signing all communications to the Court and for handing them to the marshal during your deliberations.

## COMMUNICATIONS WITH THE COURT

No member of the jury should ever attempt to communicate with me or with any court personnel by any means other than a signed writing. All communication should be in writing, signed by your foreperson, and given to one of the marshals. I will respond to any questions or requests you have as promptly as possible, either in writing or by having you return to the Courtroom so I can speak with you in person. In any event, do not tell me or anyone else how the jury stands on the issue of the defendant's guilt until after a unanimous verdict is reached. I will not communicate with any member of the jury on any subject touching on the merits of this case other than in writing or orally here in open court.

Bear in mind also that you are not to reveal to any person, not even in open court, how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict. Any verdict you reach must be unanimous.

## ELECTRONIC COMMUNICATIONS

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media such as a telephone, cell phone, smartphone, iPhone, BlackBerry, computer, internet, text, instant message service, any internet chat room, blog, websites such as Instagram, Facebook, MySpace, LinkedIn, YouTube or Twitter to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict. You should not consult dictionaries or reference materials or use any other electronic tool to obtain information about the case or to help you decide the case. Do not try to find information from any source outside the confines of this Court.

**RIGHT TO SEE EXHIBITS & HEAR TESTIMONY**

If during your deliberations you want to see any of the exhibits that are not already available to you in the jury room, you may make a request in writing and give it to a marshal. If you want any of the testimony read, that can also be done. But please remember that it is not always easy to locate what you might want, so be as specific as you possibly can in requesting exhibits or portions of testimony which you may want.

When you have reached a verdict, simply send me a note signed by your foreperson that you have reached a verdict. Do not indicate in the note what the verdict is. I have prepared a verdict sheet which you will have with you in the jury room. The verdict sheet contains questions and the answers to those questions that will constitute your verdict. After all the questions are completed, the foreperson should sign and date the verdict sheet and return the written verdict sheet to the deputy clerk. You may not infer from the fact that questions are submitted to you or from the wording of the questions, or from anything that I say in instructing you concerning the questions, that it is the Court's view that your answer to any of the questions should be one way or the other.

**FINAL COMMENTS**

I am sending a copy of the indictment into the jury room for you to have during your deliberations. You may use it to read the crime that the defendant is charged with committing. You are reminded, however, that an indictment is merely an accusation and is not to be used by you as any proof of the conduct charged. I am also going to be giving you several copies of these instructions to take with you.

Again, I remind you that your final vote must reflect your conscientious conviction as to how the issues should be decided. Your verdict must be unanimous.

Remember that the parties and the Court are relying upon you to give full and conscientious deliberation and consideration to the issues and evidence before you. Your oath sums up your duty, and that is: without fear or favor, you will truly try the issues between these parties according to the evidence given to you in court and the laws of the United States.

Now if you will wait quietly while I ask the government and defense to approach.