**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

CRH
F.#2016R00308

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

January 19, 2024

By ECF and USPS

The Honorable Ramon E. Reyes, Jr.
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: United States v. Bernard Raymond Augustine
Docket No. 18-CR-393 (RER)

Dear Judge Reyes:

The government respectfully submits this letter in response to the Court's order to respond to the defendant's letter motion to compel discovery. See Mot. to Compel Discovery (ECF No. 213) (the "Motion" or "Mot."). For the forgoing reasons, the government respectfully submits that the Motion should be denied.

I. Background

In 2016, the defendant traveled from the United States to Tunisia with the intent of joining and fighting for the Islamic State of Iraq and al-Sham ("ISIS"), a designated foreign terrorist organization.[1] The defendant, a California resident who was radicalized through the consumption of voluminous ISIS propaganda, described wanting to "seek the ultimate justice" by joining ISIS. In online posts and other communications, he claimed to support the group because its success meant "western women" would be "enslaved," it would "destroy the global banking elite," and because it beheaded those that opposed them. After arriving in Tunisia, the defendant was detained by Tunisian law enforcement, convicted under Tunisian law of terrorism-related offenses, and served approximately two years in Tunisian custody. The defendant was subsequently expelled from Tunisia and returned to the United States. On February 27, 2018, the defendant was charged by the United States in an Indictment with one count of attempting to

[1] The government respectfully refers the Court to the government's sentencing submission for a more detailed summary of the facts of the case. See Gov't Sent. Mem. (ECF No. 209).

provide material support to ISIS, in violation of Title 18, United States Code, Section 2339B. In 2021, the defendant and was found guilty at trial of this offense.[2] On April 6, 2022, Judge Sterling Johnson, Jr. sentenced the defendant to 240 months imprisonment, the statutory maximum sentence.

The defendant's letter motion requests "a copy of all records made by the state department [sic] in Tunisia regarding myself Bernard Augustine." Mot. at 1. The defendant claims that such information is necessary "to support the previously incomplete Motion to Dismiss on grounds of Double Jeopardy that my former ineffective counsel…filed." Id. The defendant also requests "all Tunisian government documents…in possession of the prosecuting office" for the apparent same reason. Id.

II. Analysis

The defendant's request should be denied. As an initial matter, the defendant cannot proceed because the Motion is untimely. The Motion is most properly construed as a motion for discovery related to a potential collateral challenge to his conviction, pursuant to Title 28, United States Code, Section 2255. See Rule 6 to Rules Governing Section 2255 Proceedings (permitting discovery with leave of court if "good cause" is shown). Because the defendant did not bring a direct appeal of his conviction, the defendant was required to file any motion for collateral review within one-year from the date in which his judgment of conviction became final. See 28 U.S.C. § 2255(f)(1). The defendant's judgment became final on April 28, 2022, fourteen days after the entry of the judgment. See 28 U.S.C. § 2244(d)(1)(A); Gonzalez v. Thaler, 565 U.S. 134, 150 (2012) (holding that judgment becomes final when the time to file a notice of appeal expires). The defendant therefore had until April 28, 2023 to file a collateral challenge to his conviction, and failed to do so. Because any motion the defendant may file in the future would be untimely, his pending motion to compel discovery in support of such a motion (which itself was filed after the one-year deadline) should be denied. See, e.g., United States v. Lombardo, No. 17-CR-318 (JMA), 2021 WL 6136177 (E.D.N.Y. Dec. 29, 2021) (denying petition under § 2255 as untimely).

The Motion should be denied even if it is considered on its merits. The government already disclosed all discoverable material in this case, prior to trial. As relevant to the defendant's request, the government previously produced materials received from the Republic of Tunisia related to the defendant and translations of those materials, portions of FBI reports containing information about the defendant's status in Tunisian custody, and records provided by the U.S. Department of State regarding the defendant's time in Tunisian custody. See Discovery Letter, dated Dec. 10, 2018 (ECF No. 26) (documents stamped BA00000251 - 290); Discovery Letter, dated Jan. 14, 2019 (ECF No. 28) (documents stamped BA00000308 – 312); Discovery Letter, dated June 28, 2019 (ECF No. 29) (documents stamped BA00000338 – 364). The defendant's motion largely mirrors a demand made by his then-counsel in a prior Motion to Compel, filed on November 13, 2019. See Def.'s Mot. to Compel (ECF No. 41) (requesting various materials

[2] Following a Faretta inquiry, the defendant represented himself at trial with the assistance of standby counsel.

related to the relationship between the United States and Tunisian authorities as it related to the defendant's incarceration and conviction). As is relevant to the defendant's current request, and as the government explained at the time when his then-counsel made a similar request:

> The defendant's claim that this material is "critical to the defense's motions to dismiss and to suppress"… misses the mark. Rule 16 is limited to information that would be material to the defendant's case on its merits. As the Supreme Court stated in Armstrong, "in the context of Rule 16 'the defendant's defense' means the defendant's response to the Government's case in chief," specifically the "narrower class of 'shield' claims, which refute the Government's arguments that the defendant committed the crime charged." 517 U.S. at 462. Following Armstrong, courts have repeatedly held that Rule 16(a)(1)(E)(i), which provides that a defendant is entitled to the production of documents that are within the government's control and "material to preparing the defense," is limited to documents material to the defense of the government's case in chief, and excludes matters collateral to the case."

Gov't Resp. to Mot. to Compel at 6-7 (ECF No. 51). Notwithstanding the fact that the requested materials were then (and remain) outside the scope of discovery, the government nonetheless conducted further inquiries at the Court's request, and confirmed that it had disclosed (and would continue to disclose) any discoverable material it received from Tunisian authorities. See Gov't Letter, dated Mar. 2, 2020 (ECF No. 68). The defendant's motion to compel was ultimately denied in a Report & Recommendation by Magistrate Judge Levy, and affirmed in a decision by Judge Johnson. See Report & Recommendation, at 26-28 (ECF No. 83); Order adopting Report & Recommendation (ECF No. 149). Accordingly, to the extent there is any discovery obligation, the government has already met it and provided the relevant materials.

The defendant's purported need for purported additional discovery—"to support the previously incomplete motion to dismiss"—is also without merit. The defendant, through his then-counsel, filed and litigated a motion to dismiss to its completion.[3] See Mot. to Dismiss (ECF No. 36). In addition to several other thoroughly argued claims, the defendant's counsel moved to dismiss on the exact issue he complains of in the present motion: a claim of double jeopardy based on the U.S. government's alleged involvement in his Tunisian prosecution. See id. at 30-34 (arguing that the Double Jeopardy Clause of the Fifth Amendment applies because the United States "orchestrat[ed] the Tunisian prosecution"). That claim was rejected in a Report and Recommendation by Judge Levy. See ECF No. 83 at 17-20 (finding "that the Double Jeopardy Clause does not apply"). The defendant litigated this claim further in an appeal of Judge Levy's decision to the District Court. See Objection to Report and Recommendations at 10-12 (ECF No.

[3] The defendant, through counsel, also filed a motion to suppress. See ECF No. 35. After going pro se, the defendant voluntarily withdrew that motion following an inquiry before Magistrate Judge Levy. See Minute Entry, dated July 13, 2021 (terminating motion to suppress after finding withdrawal "knowing and voluntary").

86) (arguing again that "This prosecution violates the Double Jeopardy Clause."). Again, the issue was considered and rejected when Judge Johnson adopted Judge Levy's Report. See Order adopting Report & Recommendation at 11-12) (ECF No. 147) (holding that "double jeopardy does not apply"). Thus, setting aside that the government already met its discovery obligations, there is in any event no post-trial need for any purported additional discovery because the issue was previously considered and resolved.

"[P]ost-conviction discovery requires a showing of good cause, i.e., that []he has made specific allegations that if fully developed entitle h[im] to relief." Lasher v. United States, No. 17-CR-868 (NRB), 2018 WL 3979596 (S.D.N,Y. Aug. 20, 2018). This means that "[g]eneralized statements about the possible existence of material do not constitute good cause." Cardoso v. United States, 642 F. Supp. 2d 251, 265 (S.D.N.Y. 2009), aff'd sub nom. United States v. Solano, 402 F. App'x 569 (2d Cir. 2010). The defendant's motion contains precisely the sort of "generalized statements" about theoretical materials that are insufficient to warrant consideration. Additionally, as discussed above, the defendant further lacks good cause both because (1) the government has made a substantial and repeated showing that it has, in fact, already produced any discoverable material relevant to the defendant's claim and (2) in any event, the defendant's purported need to support a double jeopardy challenge has already been ruled upon and found to be without merit.

## III. Conclusion

Accordingly, the government respectfully requests that the Court deny the defendant's Motion.

Respectfully submitted,

BREON PEACE
United States Attorney

By: /s/ Craig R. Heeren
Craig R. Heeren
Assistant U.S. Attorney
(718) 254-7000

cc: Clerk of Court (by ECF)
Bernard Augustine (pro se defendant) (by USPS)